ORIGINAL

1   JOHN S. ADLER, Bar No. 060398
    LITTLER MENDELSON
2   A Professional Corporation
    501 W. Broadway
3   Suite 900
    San Diego, CA 92101.3577
4   Telephone:    619.232.0441

5   Attorneys for Defendants
    DIAMOND ENVIRONMENTAL SERVICES, LLC
6   AND ERIC DE JONG

7



FILED

JAN 0 9 2007

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10  JUAN MENDOZA and AGUSTIN          Case No. **07CV 0056 BTM    POR**
    FERNANDEZ, individually and on behalf
11  of all other persons similarly situated and   **NOTICE TO FEDERAL COURT OF**
    on behalf of the general public,              **REMOVAL OF CIVIL ACTION**
12
                Plaintiffs,           San Diego Superior Court – North County
13                                    Case No. GIN 057664
                v.
14
    DIAMOND ENVIRONMENTAL
15  SERVICES, LLC, a California limited
    liability company; ERIC DE JONG, an
16  individual; and DOES 1 through 100,
    inclusive,
17
                Defendants.
18

19  TO THE CLERK OF THE ABOVE-ENTITLED COURT AND PLAINTIFFS JUAN MENDOZA

20  AND AGUSTIN FERNANDEZ AND THEIR ATTORNEYS OF RECORD:

21              PLEASE TAKE NOTICE that, pursuant to Title 28 of the United States Code,

22  sections 1441 and 1446, Defendants DIAMOND ENVIRONMENTAL SERVICES, LLC and ERIC

23  DE JONG ("Defendants") hereby remove to this Court the civil action filed and currently pending in

24  the Superior Court of the State of California for the County of San Diego, North County Judicial

25  District entitled <u>Juan Mendoza and Agustin Fernandez, individually and on behalf of all other</u>

26  <u>persons similarly situated and on behalf of the general public v. Diamond Environmental Services,</u>

27  <u>LLC, a California limited liability company; Eric De Jong, an individual; and Does 1 through 100,</u>

28  <u>inclusive</u>, Case No. GIN 057664.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

FIRMWIDE:81855706.1 053586.1001                    NOTICE TO FEDERAL COURT OF REMOVAL
                                                   OF CIVIL ACTION

1    Defendants will promptly file in said Superior Court its Notice to State Court and all

2    Adverse Parties of Removal of Civil Action, a true and correct copy of which (without

3    accompanying exhibits) is attached hereto as Exhibit "A." This case is being removed to this Court

4    based on federal question jurisdiction.

5    The grounds for removal are as follows:

6    1.    On or about December 11, 2006, a civil action was commenced against

7    Defendants in the Superior Court of the State of California for the County of San Diego, North

8    County Judicial District entitled <u>Juan Mendoza and Agustin Fernandez, individually and on behalf of</u>

9    <u>all other persons similarly situated and on behalf of the general public v. Diamond Environmental</u>

10   <u>Services, LLC, a California limited liability company; Eric De Jong, an individual; and Does 1</u>

11   <u>through 100, inclusive</u>; Case No. GIN 057664 (hereinafter the "State Court action"). A true and

12   correct copy of the Complaint filed in the State Court action is attached hereto as Exhibit "B."

13   2.    Within a week following the filing of the Complaint herein, Defendants were

14   served with a Summons and a copy of the Complaint. A copy of the Summons as to the LLC

15   Defendant is attached hereto as Exhibit "C." In addition to the aforementioned documents,

16   Defendant was also served with a Notice of Case Assignment, and documents related to ADR, true

17   and correct copies of which are attached hereto as Exhibit "D."

18   3.    Exhibits "B," "C," and "D" constitute all of the papers served upon

19   Defendants and/or filed in the State Court action, except as noted at paragraph 4, <u>infra</u>.

20   4.    Defendants timely filed their Answer to Plaintiff's Complaint ("Answer") on

21   January 8, 2007. A true and correct copy of the Answer is attached hereto as Exhibit "E."

22   5.    This Notice to Federal Court of Removal of Civil Action is timely filed within

23   thirty (30) days after the receipt by Defendants of a copy of the initial pleading which sets forth the

24   removable claim. See 28 U.S.C. § 1446(b).

25   6.    Defendants designated as Does 1 – 100 are fictitious defendants, are not

26   parties to this action, have not been served and are to be disregarded for the purpose of this removal.

27   28 U.S.C. § 1441(a). <u>McCabe v. General Foods Corp.</u>, 811 F.2d 1336, 1339 (9th Cir. 1987). Said

28

LITTLER MENDELSON
A Professional Corporation
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619 232 0441

FIRMWIDE:81855706.1 053586.1001                2.                NOTICE TO FEDERAL COURT OF REMOVAL
OF CIVIL ACTION

1    defendants, therefore, need not consent to this removal.  All named Defendants request this removal

2    action.

3          7.    The United States District Court for the Southern District of California has

4    original jurisdiction over the claims alleged in this State Court action under 28 U.S.C. sections 1331

5    and 1332(a)(1) and (c)(1) because Plaintiff's claims arise under federal law as follows:

6          (a)    Plaintiffs filed their Class Action Complaint for Damages and

7    Injunctive Relief on December 11, 2006, alleging claims for the following:

8                     1) Failure to Pay Overtime Compensation;

9                     2) Failure to Pay Final Wages;

10                    3) Waiting Time Penalities;

11                    4) Failure to Provide Rest Periods;

12                    5) Failure to Allow Meal Periods;

13                    6) Failure to Furnish Timely and Accurate Wage Statements; and

14                    7) Unlawful and Unfair Business Acts and Practices in Violation of

15                       California Business & Professions Code §17200, *et seq.*

16          (b)    At paragraph 2, plaintiffs claim entitlement to and seek recovery of

17    "overtime pay under the applicable wage and hour laws" including 29 U.S.C. section 207, a federal

18    statute.

19          (c)    At paragraph 5, plaintiffs claim entitlement to and seek recovery for

20    defendants' failure to furnish "timely itemized wage statements," "as required by ... 29 U.S.C.

21    § 211(c)," a federal statute.

22          (d)    At paragraph 11, plaintiffs claim entitlement to relief under 29 U.S.C.

23    sections 207 and 211(c), and recognize jurisdiction in the federal court for these claims.

24          (e)    At paragraph 23, plaintiffs invoke the definitional effect of 29 U.S.C. §

25    203(d), a federal statute, as to the status of individually-named defendant de Jong.

26          (f)    At paragraph 36, plaintiffs state their claim for "overtime compensation

27    as required by the California's wage and hour laws and 29 U.S.C. § 207," a federal statute.

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

FIRMWIDE:81855706.1 053586.1001          3.          NOTICE TO FEDERAL COURT OF REMOVAL
OF CIVIL ACTION

(g)   At paragraph 52, plaintiffs state their overtime compensation claim under 29 U.S.C. § 207.

(h)   At paragraph 87, plaintiffs base their unlawful business acts and practices claim, in pertinent part, on 29 U.S.C. §§ 207 and 211 (c), federal statutes.

8.   Because plaintiff's civil action falls within the Court's original jurisdiction under Title 28 of the United States Code, sections 1331, 1332 and 1337(a), and is removable to this Court under Title 28 of United States Code, sections 1367(a) and 1441(a)(b) and (c).

9.   Because the United States District Court for the Southern District of California has original jurisdiction over this lawsuit pursuant to Title 28 of the United States Code, sections 1331, 1332 and 1337(a), the action may be removed in its entirety pursuant to Title 18 of the United States Code, sections 1441(a), (b), (c) and (e).  In addition, the Court has supplemental and/or pendent jurisdiction over all state claims that are so related to claims in the action within its original jurisdiction that they form part of the same controversy, pursuant to Title 28 of the United States Code, section 1367(a).

10.   Because Plaintiffs' action involves claims arising under the laws of the United States, it may be removed to this Court under the provisions of Title 28 of the United States Code, sections 1441(b) and 1446.

11.   Venue is proper in this Court in that this is the court for the district embracing the place where the action is pending in state court.  28 U.S.C. § 1441(a).

12.   No bond is required for removal.  28 U.S.C. § 1446(d); Rezendes v. Dow Corning Corp., 717 F.Supp. 1435, 1438 n.2 (E.D. Cal. 1989).

////

////

////

////

////

////

////

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

FIRMWIDE:81855706.1 053586.1001                    4.                    NOTICE TO FEDERAL COURT OF REMOVAL
                                                                          OF CIVIL ACTION

WHEREFORE, Defendants, and each of them, hereby remove said civil action from the Superior Court of the State of California for the County of San Diego, North County Judicial District, to this District Court.

Dated: January __8__, 2007

JOHN S. ADLER
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendants
DIAMOND ENVIRONMENTAL SERVICES,
LLC AND ERIC DE JONG

LITTLER MENDELSON
A Professional Corporation
501 W. Broadway
Suite 900
San Diego, CA  92101-3577
619.232.0441

FIRMWIDE:81855706.1 053586.1001

5.

NOTICE TO FEDERAL COURT OF REMOVAL
OF CIVIL ACTION

**EXHIBIT A**

1   JOHN S. ADLER, Bar No. 060398
    LITTLER MENDELSON
2   A Professional Corporation
    501 W. Broadway
3   Suite 900
    San Diego, CA  92101.3577
4   Telephone:     619.232.0441

5   Attorneys for Defendants
    DIAMOND ENVIRONMENTAL SERVICES, LLC
6   AND ERIC DE JONG

7

8                  SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                  COUNTY OF SAN DIEGO – NORTH COUNTY

10  JUAN MENDOZA and AGUSTIN               Case No.  GIN 057664
    FERNANDEZ, individually and on behalf
11  of all other persons similarly situated and   Assigned to:
    on behalf of the general public,              The Honorable Michael B. Orfield
12                                                Dept. 28
                 Plaintiffs,
13                                                **NOTICE TO STATE COURT AND ALL
         v.                                       ADVERSE PARTIES OF REMOVAL OF
14                                                CIVIL ACTION**

15  DIAMOND ENVIRONMENTAL                   Complaint Filed:  December 11, 2006
    SERVICES, LLC, a California limited
16  liability company; ERIC DE JONG, an
    individual; and DOES 1 through 100,
17  inclusive,

18               Defendants.

19  TO  THE  CLERK  OF  THE  ABOVE-ENTITLED  COURT,  AND  TO  PLAINTIFFS  JUAN

20  MENDOZA AND AGUSTIN FERNANDEZ AND THEIR ATTORNEYS OF RECORD:

21                  PLEASE  TAKE  NOTICE  that  on  January  9,  2007,  Defendants  Diamond

22  Environmental Services, LLC and Eric de Jong filed their Notice of Removal of Civil Action on the

23  Basis of Federal Jurisdiction in this action in the office of the Clerk of the United States District

24  Court for the Southern District of California.

25  / / / /

26  / / / /

27  / / / /

28  / / / /

LITTLER MENDELSON
A Professional Corporation
501 W. Broadway
Suite 900
San Diego, CA  92101 3577
619 232 0441

Firmwide:81855923.1 053586.1001

NOTICE TO STATE COURT AND ALL ADVERSE PARTIES OF REMOVAL OF CIVIL ACTION

1    A true and correct copy of said Notice with all attachments/exhibits is attached hereto

2    and served herewith.

3    The filing of said Notice in Federal Court, together with the filing of a copy of said

4    Notice with this Court, effects the removal of this action in accordance with 28 U.S.C. section

5    1446(d).

6    Dated: January _____9_____, 2007

7

8    _____

9    JOHN S. ADLER
     LITTLER MENDELSON
10   A Professional Corporation
     Attorneys for Defendants
11   DIAMOND ENVIRONMENTAL SERVICES,
     LLC AND ERIC DE JONG

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101 3577
619 232 0441

Firmwide:81855923.1 053586.1001                    2.

NOTICE TO STATE COURT AND ALL ADVERSE PARTIES OF REMOVAL OF CIVIL ACTION

# SUMMONS
## (CITATION JUDICIAL)

**SUM-100**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
DIAMOND ENVIRONMENTAL SERVICES, LLC, a California
limited liability company; ERIC DE JONG, an
individual; and DOES 1 through 100, inclusive,

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

2008 DEC 11 PM 4:31

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JUAN MENDOZA and AGUSTIN FERNANDEZ, individually and
on behalf of all other persons similarly situated and
on behalf of the general public,

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of the State of California<br>325 S. Melrose<br>Vista, CA 92081<br><br>North County | CASE NUMBER:<br>*(Número del Caso):*<br>**GIN 057664** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jason E. Baker, Esq.                                            858-552-6750        858-552-6749
KEEGAN MACALUSO & BAKER, LLP
4370 La Jolla Village Drive, Suite 640
San Diego, California 92122

DATE: DEC 11 2008                    Clerk, by _____C. Torriquez_____, Deputy
*(Fecha)*                            *(Secretario)*                    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* DIAMOND ENVIRONMENTAL SERVICES, LLC, a California limited liability company
   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☒ other *(specify):* a California limited liability company
4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal Solutions Plus

Page 1 of 1
Code of Civil Procedure §§ 412.20, 465

**EXHIBIT C**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

INDEPENDENT CALENDAR CLERK
325 S. Melrose
Vista, CA 92081

TO:

JASON E BAKER
KEEGAN MACALUSO & BAKER LLP
4370 LA JOLLA VILLAGE DRIVE SUITE 640
SAN DIEGO, CA  92122

| | |
|---|---|
| JUAN MENDOZA <br><br> Plaintiff(s) <br><br> vs. <br><br> DIAMOND ENVIROMENTAL SERVICES, LLC <br> Defendant(s) | Case No.:  GIN057664 <br><br> ## NOTICE OF CASE ASSIGNMENT <br><br> Judge:  MICHAEL B. ORFIELD <br> Department:  28 <br> Phone:  760-806-6347 |

COMPLAINT FILED  12/11/06

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

**COMPLAINTS:** Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document. (Rule 2.5)

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.) (Rule 2.6)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service. (Rule 2.7)

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING.

ALSO SEE THE ATTACHED NOTICE TO LITIGANTS.

## CERTIFICATE OF SERVICE

I certify that I am not a party to the above-entitled case; on the date shown below, I served this notice on the parties shown by personally handing it to the attorney or their personal representative at          VISTA California.

DATED: 12/11/06

BY:  CLERK OF THE SUPERIOR COURT

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

### INDEPENDENT CALENDAR CLERK
### 325 S. Melrose
### Vista, CA 92081

TO:

| | |
|---|---|
| JUAN MENDOZA | Case No.: GIN057664 |
| Plaintiff(s) | **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION PROCESS** |
| vs. | (CRC 1590.1) |
| DIAMOND ENVIROMENTAL SERVICES, LLC | Judge: MICHAEL B. ORFIELD |
| Defendant(s) | Department: 28 |

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution process. Selection of any of these options will not delay any case management time-lines.

☐ Court-Referred Mediation Program
☐ Private Neutral Evaluation
☐ Private Mini-Trial
☐ Private Summary Jury Trial
☐ Private Settlement Conference With Private Neutral
☐ Other (specify):

☐ Court-Ordered Nonbinding Arbitration (Cases valued at $50,000 or less)
☐ Court-Ordered Binding Arbitration (Stipulated)
☐ Private Reference to General Referee
☐ Private Reference to Judge
☐ Private Binding Arbitration

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

Alternate: (mediation & arbitration only) _____

Date: _____          Date: _____

Name of Plaintiff                 Name of Defendant

Signature                          Signature

Name of Plaintiff's Attorney       Name of Defendant's Attorney

Signature                          Signature

(Attach another sheet if additional names are necessary). It is the duty of the parties to notify the court of any settlement pursuant to California Rules of Court, Rule 225. Upon notification of the settlement the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court and all unserved, non-appearing or actions by named parties are dismissed.

IT IS SO ORDERED.

Dated: _____

_____
                              JUDGE OF THE SUPERIOR COURT

## NOTICE TO LITIGANTS/ADR INFORMATION PACKAGE

You are required to serve a copy of this Notice to Litigants/ADR Information Package and a copy of the blank Stipulation to Use of Alternate Dispute Resolution Process (received from the Civil Business Office at the time of filing) with a copy of the Summons and Complaint on all defendants in accordance with San Diego Superior Court Rule 2.5, Division II and CRC Rule 201.9.

### ADR POLICY

It is the policy of the San Diego Superior Court to strongly support the use of Alternative Dispute Resolution ("ADR") in all general civil cases. The court has long recognized the value of early case management intervention and the use of alternative dispute resolution options for amenable and eligible cases. The use of ADR will be discussed at all Case Management Conferences. It is the court's expectation that litigants will utilize some form of ADR – i.e. the court's mediation or arbitration programs or other available private ADR options as a mechanism for case settlement before trial.

### ADR OPTIONS

1) **CIVIL MEDIATION PROGRAM:** The San Diego Superior Court has established a Civil Mediation Program to replace the Mediation Pilot Program established by Code of Civil procedure sections 1730 et seq. The Civil Mediation Program, in effect for cases filed on or after May 1, 2003 or upon stipulation, is designed to assist parties with the early resolution of their dispute. All general civil independent calendar cases, including construction defect, complex and eminent domain cases are eligible to participate in the program. Limited civil collection cases are not eligible at this time. San Diego Superior Court Local Rule 2.31, Division II addresses this program specifically. Mediation is a non-binding process in which a trained mediator 1) facilitates communication between disputants, and 2) assists parties in reaching a mutually acceptable resolution of all or part of their dispute. In this process, the mediator carefully explores not only the relevant evidence and law, but also the parties' underlying interests, needs and priorities. The mediator is not the decision-maker and will not resolve the dispute -- the parties do. Mediation is a flexible, informal and confidential process that is less stressful than a formalized trial. It can also save time and money, allow for greater client participation and allow for more flexibility in creating a resolution.

**Assignment to Mediation, Cost and Timelines:** Parties may stipulate to mediation at any time up to the CMC or may stipulate to mediation at the CMC. Mediator fees and expenses are split equally by the parties, unless otherwise agreed. Mediators on the court's approved panel have agreed to the court's payment schedule for court-referred mediation: $150.00 per hour for each of the first two hours and their individual rate per hour thereafter. Parties may select any mediator, however, the court maintains a panel of court-approved mediators who have satisfied panel requirements and who must adhere to ethical standards. All court-approved mediator fees and other policies are listed in the Mediator Directory at each court location to assist parties with selection. **Discovery:** Parties do not need to conduct full discovery in the case before mediation is considered, utilized or referred. **Attendance at Mediation:** Trial counsel, parties and all persons with full authority to settle the case must personally attend the mediation, unless excused by the court for good cause.

2) **JUDICIAL ARBITRATION:** Judicial Arbitration is a binding or non-binding process where an arbitrator applies the law to the facts of the case and issues an award. The goal of judicial arbitration is to provide parties with an adjudication that is earlier, faster, less formal and less expensive than trial. The arbitrator's award may either become the judgment in the case if all parties accept or if no trial de novo is requested within the required time. Either party may reject the award and request a trial de novo before the assigned judge if the arbitration was non-binding. If a trial de novo is requested, the trial will usually be scheduled within a year of the filing date.

**Assignment to Arbitration, Cost and Timelines:** Parties may stipulate to binding or non-binding judicial arbitration or the judge may order the matter to arbitration at the case management conference, held approximately 150 days after filing, if a case is valued at under $50,000 and is "at issue". The court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. In addition, if parties select an arbitrator from the court's panel, the court will pay the arbitrator's fees. Superior Court Local Rules Division II Chapter III and Code of Civil Procedure 1141 et seq. address this program specifically.

SDSC CIV-730 (Rev. 11-04)

3) **SETTLEMENT CONFERENCES:** The goal of a settlement conference is to assist the parties in their efforts to negotiate a settlement of all or part of the dispute. Parties may, at any time, request a settlement conference before the judge assigned to their case; request another assigned judge or a pro tem to act as settlement officer; or may privately utilize the services of a retired judge. The court may also order a case to a mandatory settlement conference prior to trial before the court's assigned Settlement Conference judge.

4) **OTHER VOLUNTARY ADR:** Parties may voluntarily stipulate to private ADR options outside the court system including private binding arbitration, private early neutral evaluation or private judging at any time by completing the "Stipulation to Use Alternative Dispute Resolution Process" which is included in this ADR Package. Parties may also utilize mediation services offered by programs that are partially funded by the county's Dispute Resolution Programs Act. These services are available at no cost or on a sliding scale based on need. For a list of approved DRPA providers, please contact the County's DRPA program office at (619) 338-2797.

**ADDITIONAL ADR INFORMATION:** For more information about the Civil Mediation Program, please contact the Civil Mediation Department at (619) 515-8908. For more information about the Judicial Arbitration Program, please contact the Arbitration Office at (619) 531-3818. For more information about Settlement Conferences, please contact the Independent Calendar department to which your case is assigned. Please note that staff can only discuss ADR options and cannot give legal advice.

1  Jason E. Baker, Esq. (SBN: 197666)
Peter Karvelis, Esq. (SBN: 216299)
2  Brent Jex, Esq. (SBN: 235251)
KEEGAN, MACALUSO & BAKER, LLP
3  4370 La Jolla Village Drive, Suite 640
San Diego, CA 92122
4  Telephone: (858) 552-6750
Facsimile:  (858) 552-6749

5

6  Attorneys for Plaintiffs and Class Members

7

8  ### SUPERIOR COURT OF THE STATE OF CALIFORNIA

9  ### COUNTY OF SAN DIEGO - NORTH COUNTY

10  JUAN  MENDOZA  and  AGUSTIN ) Case No. **GIN 0 5 7 6 6 4**
FERNANDEZ, individually and on behalf of all )
11  other persons similarly situated and on behalf of ) CLASS  ACTION  COMPLAINT  FOR
the general public, ) DAMAGES  AND  INJUNCTIVE  RELIEF
12  ) FOR:
)
Plaintiffs, )
13  ) 1)  Failure to Pay Overtime
) Compensation;
14  vs. ) 2)  Failure to Pay Final Wages;
) 3)  Waiting Time Penalties;
DIAMOND ENVIRONMENTAL SERVICES, ) 4)  Failure to Provide Rest Periods;
15  LLC, a California limited liability company; ) 5)  Failure to Allow Meal Periods;
ERIC DE JONG, an individual; and DOES 1 ) 6)  Failure to Furnish Timely and
16  through 100, inclusive, ) Accurate Wage Statements; and
) 7)  Unlawful and Unfair Business Acts
17  Defendants. ) and Practices in Violation of
) California Business & Professions
18  ) Code §17200, *et seq.*
)
19  )
)
20  )
)
21  )

22

23

24

25

26

27

28

COMPLAINT

Plaintiffs Juan Mendoza and Agustin Fernandez ("Plaintiffs"), on behalf of themselves and all others similarly situated, complain and allege against Diamond Environmental Services LLC (hereinafter "Diamond"), and all other Defendants, as follows:

**I.**
**INTRODUCTION**

1.      This is a class action under Code of Civil Procedure § 382, seeking unpaid overtime compensation and interest thereon, compensation for missed meal periods, compensation for failure to furnish timely statements accurately showing total hours worked, waiting time penalties, injunctive and other equitable relief, and reasonable attorneys' fees and costs, under California Labor Laws, Industrial Welfare Commission Wage Orders and the Fair Labor Standards Act of 1938. Plaintiffs, on behalf of themselves and the Class Members, also seek injunctive relief and restitution on behalf of all benefits Defendants have enjoyed from their failure to pay overtime compensation, their failure to provide adequate meal breaks, under Business and Professions Code §§ 17200 et seq.

2.      Defendants have treated all of their Pumper Drivers as exempt from California's overtime pay requirements and have refused to pay the Class Members overtime, notwithstanding the fact that all such Pumper Drivers are not exempt and are indeed entitled to overtime pay under the applicable wage and hour laws, including Sections 510, 558, 1194, and 1197 of the California Labor Code, California Industrial Welfare Commission ("I.W.C.") Wage Order Nos. 4-98 and 4-2000, and 29 U.S.C. § 207.

3.      Since at least December 15, 2002, Defendants did not afford their full time Pumper Drivers proper meal periods, as required by Labor Code §§ 226.7 and 512 and I.W.C. Wage Order No. 4-2000. The Pumper Drivers are owed an additional hour of pay at their regular rate for each day they did not take lawful meal periods.

4.      Plaintiffs and Class Members were not and are not exempt from California's overtime and meal period requirements.

5.      Since at least December 15, 2002, Defendants did not furnish each of their full time Pumper Drivers with timely itemized wage statements accurately showing total hours worked by each such Pumper Driver, as required by Labor Code § 226 and 29 U.S.C. § 211(c). Each Pumper

1 | Driver is owed fifty dollars ($50) for the initial pay period in which Defendants failed to provide a
2 | statement showing total hours worked and one hundred dollars ($100) for each subsequent pay
3 | period, up to a total of four thousand dollars ($4000).

4 |       6.      Defendants have willfully failed and refused, and continue to fail and refuse, to timely
5 | pay wages due for overtime compensation to former Pumper Drivers at the conclusion of their
6 | employment with Defendants, entitling these former employees to statutory penalties under Labor
7 | Code §§ 201-203.

8 |
                          **II.**
9 |                    **JURISDICTION**

10 |       7.      This Court has jurisdiction over Plaintiffs' and Class Members' claims for unpaid
11 | overtime wages under California Labor Code § 1194.

12 |       8.      This Court has jurisdiction over Plaintiffs' and Class Members' claims for penalties
13 | for failure to pay wages of discharged employees under Labor Code § 203.

14 |       9.      This Court has jurisdiction over Plaintiffs' and Class Members' claims for meal
15 | period violations under Labor Code §§ 218 and 221.

16 |       10.    This Court has jurisdiction over Plaintiffs' and Class Members' claims for injunctive
17 | relief and restitution of ill-gotten benefits arising from Defendants' unlawful business practices under
18 | Business & Professions Code §§ 17203 and 17204.

19 |       11.    This Court has concurrent jurisdiction under 29 U.S.C. § 216(b) over Plaintiffs' and
20 | Class Members' claims for unpaid overtime wages under 29 U.S.C. § 207 and failure to keep
21 | adequate time records under 29 U.S.C. § 211(c).

22 |       12.    There is no federal diversity jurisdiction because there is not complete diversity as
23 | between the Plaintiffs and the Defendants since both Plaintiffs and Defendants are citizens of
24 | California.

25 |
                          **III.**
                   **VENUE**

26 |       13.    Venue as to each Defendant is proper in this judicial district, pursuant to Code of
27 | Civil Procedure § 395(a). Defendant is a California limited liability company and maintains
28 | headquarters or other offices, transacts business, and/or has an agent in San Diego County, and each

1  Defendant is otherwise within this Court's jurisdiction for purposes of service of process. The

2  unlawful acts alleged herein have a direct effect on Plaintiffs and those similarly situated within the

3  State of California and within San Diego County. Defendants operate an office in San Diego County

4  as well as in other counties within the State of California and employ numerous Class Members in

5  San Diego County. Moreover, the Plaintiffs herein reside in San Diego County, and are or were

6  employed by Defendants in San Diego County.

7
## IV.
## PARTY ALLEGATIONS
8

9  **A.    Plaintiff And Class Representative Juan Mendoza.**

10      14.    Plaintiff Juan Mendoza is an adult resident of San Diego County, California. During

11  the Class period stated herein, plaintiff Juan Mendoza was employed by Defendants as a "Pumper

12  Driver" at Diamond's facility located in San Marcos, California. Specifically, plaintiff Juan

13  Mendoza began his employment as a Pumper Driver on or about October 1, 2002. His duties

14  primarily consisted of attending shift meetings, driving a truck to work sites through San Diego

15  County to service portable restrooms, pumping waste from portable restrooms, cleaning portable

16  restrooms, restocking portable restrooms, and maintaining the service truck he drove. Juan

17  Mendoza's employment with Diamond ended on or about August 1st, 2004.

18      15.    From in or about October 1, 2002 until his departure in or about August 1, 2004,

19  Plaintiff Mendoza, like other similarly situated Class Members, was paid a fixed amount of "salary"

20  per month, and he was not paid an hourly wage.

21      16.    During the Class Period, Plaintiff Mendoza regularly worked in excess of forty (40)

22  hours per week, but was not properly paid overtime compensation for all hours worked in excess of

23  forty (40) hours per week in accordance with Wage Order Nos. 4-98 and 4-2000.

24      17.    During the Class Period, Plaintiff Mendoza was not afforded meal breaks in

25  accordance with Labor Code § 512. Plaintiff Mendoza regularly worked in excess of five (5) hours

26  per day and was not afforded a half-hour meal period in which he was relieved of all duties. He

27  regularly worked in excess of ten (10) hours a day and was not afforded a second half-hour meal

28  period in which he was relieved of all duties. Defendants also did not timely pay overtime

COMPLAINT                                    3

1  compensation and other unpaid wages due to Plaintiff Mendoza at the conclusion of his employment

2  in violation of California Labor Code §§ 201-203.

3      **B.    Plaintiff And Class Representative Agustin Fernandez:**

4      18.    Plaintiff Agustin Fernandez is an adult resident of San Diego County, California.

5  During the Class period stated herein, plaintiff Agustin Fernandez was employed by Defendants as

6  a Pumper Driver at Diamond's facility located in San Marcos, California. Specifically, plaintiff

7  Agustin Fernandez began his employment as a Pumper Driver on or about December 1, 2001. His

8  duties primarily consisted of attending shift meetings, driving a truck to work sites through San

9  Diego County to service portable restrooms, pumping waste from portable restrooms, cleaning

10  portable restrooms, restocking portable restrooms, and maintaining the service truck he drove.

11  Agustin Fernandez' employment with Diamond ended on or about December 1, 2004.

12      19.    From in or about December 1, 2001 until his departure in or about December 1, 2004,

13  Plaintiff Fernandez, like other similarly situated Class Members, was paid a fixed amount of "salary"

14  per month, and he was not paid an hourly wage.

15      20.    During the Class Period, Plaintiff Fernandez regularly worked in excess of forty (40)

16  hours per week, but was not properly paid overtime compensation for all hours worked in excess of

17  forty (40) hours per week in accordance with Wage Order Nos. 4-98 and 4-2000.

18      21.    During the Class Period, Plaintiff Fernandez was not afforded meal breaks in

19  accordance with Labor Code § 512. Plaintiff Fernandez regularly worked in excess of five (5) hours

20  per day and was not afforded a half-hour meal period in which he was relieved of all duties. He

21  regularly worked in excess of ten (10) hours a day and was not afforded a second half-hour meal

22  period in which he was relieved of all duties. Defendants also did not timely pay overtime

23  compensation and other unpaid wages due to Plaintiff Fernandez at the conclusion of his

24  employment in violation of California Labor Code §§ 201-203.

25      **C.    Defendant Diamond Environmental Services, LLC.**

26      22.    Plaintiffs allege on information and belief that Defendant Diamond is a limited

27  liability company organized under the laws of the State of California on July 23, 1997, with its

28  principle place of business located at 605 East Mission Road, San Marcos, California 92069.

COMPLAINT                                    4

1    Defendant Diamond employed Plaintiffs and similarly situated persons as Pumper Drivers at its

2    principle place of business and other work sites located in California. Plaintiffs allege on

3    information and belief that at all times relevant hereto, there is and was such a unity of interest and

4    ownership in Diamond by defendant Eric de Jong that the separate personalities of the Company and

5    the individual no longer exists, and that, if the acts alleged in this Complaint are treated as those of

6    the Company alone, an inequitable result will follow. Specifically, defendant Eric de Jong has full

7    ownership in Diamond; dominates and controls Diamond; Eric de Jong is the President/CEO,

8    Secretary, Treasurer/CFO, Principal Member, or Director of Diamond; Eric de Jong is responsible

9    for the supervision and management of Diamond; possesses sole ownership of Diamond; and has

10   intentionally violated the applicable labor laws while using the Company veil of Diamond as a shield

11   against personal liability.

12        **D.    Individual And "Alter Ego" Defendant Eric de Jong.**

13        23.    Plaintiffs allege on information and belief that Defendant Eric de Jong is an adult

14   resident of San Diego County, California. Defendant Eric de Jong is the sole owner and Member

15   of Diamond. Defendant Eric de Jong is the President/CEO, Secretary, Treasurer/CFO, Principal

16   Member, or Director of Diamond. Defendant Eric de Jong, in his position as the sole owner,

17   member, and director of Diamond, was in the business of employing, managing, supervising,

18   controlling and directing "pumper drivers" working at Diamond's work sites, and is an employer of

19   Diamond's "pumper drivers" as defined under 29 U.S.C. § 203 (d) and under the "economic reality"

20   doctrine. Defendant Eric de Jong, in his position as the sole owner, member, and director of

21   Diamond, does business in California and in this judicial district.

22        **E.    DOES 1-100.**

23        24.    The true names and capacities, whether individual, corporate, associate, or otherwise,

24   of defendants sued herein as DOES 1 through 100, inclusive, are currently unknown to Plaintiffs,

25   who therefore sue defendants by such fictitious names under Code of Civil Procedure § 474.

26   Plaintiffs are informed and believe, and based thereon allege, that each of the Defendants designated

27   herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein.

28   Plaintiffs will seek leave of court to amend this complaint to reflect the true names and capacities

COMPLAINT                                    5

1  of the Defendants designated hereinafter as DOES when such identities become known.

2      25.    Plaintiffs are informed and believe, and based thereon allege, that each Defendant

3  acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint

4  scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are

5  legally attributable to the other Defendants.

6      26.    Defendants Diamond, Eric de Jong, and DOES 1-100 inclusive are hereinafter

7  collectively referred to as "Defendants."

8                                   V.

9                        FACTUAL ALLEGATIONS

10     27.    Defendants operate, and at all times during the Class Period, have done business in

11  San Diego County and elsewhere within California. At their work sites in San Marcos and elsewhere

12  in California, Defendants specialize in portable and temporary waste management and sanitation,

13  including but not limited to providing portable restrooms or "port-a-potties" at work sites throughout

14  the County. Defendants employ and have employed numerous Class Members, including Plaintiff,

15  to maintain these portable sanitation stations and restrooms in good working order. Each Class

16  Member worked for and was employed by Defendants as a Pumper Driver at one Defendants' work

17  sties. Plaintiffs are informed and believe and on that basis allege that, during the Class Period,

18  Defendants have employed in excess of 100 persons as Pumper Drivers.

19     28.    Plaintiffs are informed and believe and on that basis allege that the Defendants'

20  regular and customary business practice is to hire Pumper Drivers who are of Hispanic, Latino, or

21  Mexican-American origin, who do not have a solid command of the English language, or who are

22  undocumented citizens of the United States. Plaintiffs are further informed and believe that

23  Defendants' hiring practice is intended to exploit the unsophisticated nature of the Company's

24  employees, since these Pumper Drivers are less likely to complain about being misclassified as an

25  exempt employee and are less likely to complain about not being paid for overtime.

26     29.    Plaintiffs are informed and believe that Diamond Environmental Services, LLC has

27  enjoyed remarkable success and growth in the sanitation and waste management industry during the

28  past nearly ten years. Plaintiffs are further informed and believe that this success and growth has

COMPLAINT                                    6

1  come at the expense of the relatively unsophisticated Pumper Drivers who work long hours without

2  being paid overtime or doubletime.

3      **A.**    **Duties of Pumper Drivers.**

4      30.    Pumper Drivers report directly to and work under the close supervision of Diamond's

5  management employees, including Eric de Jong. Pumper Drivers' job duties do not entail significant

6  discretionary decision-making or the supervision of other employees.

7      31.    The primary duty and essential function of a Pumper Driver is to attend shift

8  meetings, drive a truck to work sites through San Diego County to service portable restrooms, pump

9  waste from portable restrooms, clean portable restrooms, restock portable restrooms, and maintain

10  the service truck driven by the Pumper Driver.

11      32.    At a minimum, the Class Members, including Plaintiffs, worked a ten (10) hour shift

12  at Defendants' work sties, Monday through Friday.

13      33.    Because of their work duties and the nature of this position, the Class Members,

14  including Plaintiffs, do not fall within any of the exemptions to the overtime pay requirements of the

15  California Labor Code regarding meal breaks and waiting time penalties.

16      **B.**    **Failure to Pay Overtime Compensation to Pumper Drivers.**

17      34.    In conformance with the policy and practice of Defendants, the Class Members,

18  including Plaintiffs, are generally required to work in excess of ten (10) hours a day, Monday

19  through Friday. Additionally, the Class Members, including Plaintiffs, are often required to work

20  significant hours on Saturdays and/or Sundays. Plaintiffs and the Class Members regularly worked

21  in excess of fifty (50) to fifty-five (55) hours per week.

22      35.    As alleged above, Defendants had, and continue to have, a policy and practice of

23  paying Class Members, including Plaintiffs, a fixed amount of "salary" each month, and not an

24  hourly wage.

25      36.    Plaintiffs and the Class Members do not, and at all times during the Class Period did

26  not, receive any additional compensation from Defendants for hours worked in excess of forty (40)

27  hours in a week. Accordingly, Defendants had, and continue to have, a willful policy and practice

28  of requiring their Pumper Driver employees, including Plaintiffs, to work substantially in excess of

1 forty (40) hours per week without paying them proper overtime compensation as required by the

2 California's wage and hour laws and 29 U.S.C. § 207. This constitutes a separate and independent

3 violation of Business & Professions Code §§ 17200 et seq. since it constitutes an unlawful and unfair

4 business practice.

5      **C.**    **Denial of Meal Periods to Pumper Drivers.**

6      37.    During the Class Period, Defendants had, and continue to have, a policy and practice

7 of requiring the Class Members, including Plaintiffs, to work in excess of five (5) hours per day

8 without affording them a proper meal period of at least a half hour during which they are relieved

9 of all duties. Pumper Drivers are also regularly required by Defendants to work in excess of ten (10)

10 hours per day without being afforded an additional, second meal period of at least a half hour during

11 which they are relieved of all duties. This policy and practice does not comply with Labor Code §§

12 226.7 and 512, and I.W.C. Wage Order Nos. 4-2000 and 4-2001, and also constitutes a separate and

13 independent violation of California Business & Professions Code §§ 17200 et seq. since it

14 constitutes an unlawful and unfair business practice.

15      **D.**    **Failure to Timely Pay Overtime Compensation and Wages Due.**

16      38.    During the Class Period, Defendants had, and continue to have, a policy and practice

17 of not timely paying overtime compensation and other wages due and owing to the Class Members,

18 including Plaintiffs, within 72 hours of the conclusion of their employment with Defendants. This

19 policy and practice does not comply with Labor Code §§ 201-203, and also constitutes a separate and

20 independent violation of Business & Professions Code §§ 17200 et seq. since it constitutes an

21 unlawful and unfair business practice.

22      **E.**    **Failure To Furnish Timely and Accurate Wage Statements**

23      39.    During the Class Period, Defendants have failed to furnish each of their Pumper

24 Drivers with timely itemized wage statements accurately showing total hours worked by each

25 Pumper Driver.

26 / / /

27 / / /

28 / / /

# VI.
## CLASS ALLEGATIONS

40.     This action may properly be maintained as a class action pursuant to section 382 of the Code of Civil Procedure. The plaintiff class is sufficiently numerous, since it is estimated to include over one hundred Pumper Drivers throughout California, the joinder of whom in one action is impracticable, and the disposition of whose claims in a class action will provide substantial benefits to both the parties and the Court.

41.     **Class Definition:** Without prejudice to later revision, the class which Plaintiffs seek to represent is composed of all persons who were employed as a "Pumper Driver" at any Diamond work site in the State of California (the "Class") during the period commencing from December 15, 2002 up until the date of trial (the "Class Period").

42.     **Ascertainable Class:**  The Class is ascertainable in that each member can be identified using information contained in Defendants' payroll and personnel records.

43.     **Common Questions of Law or Fact Predominate:**  There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented for each class.  The questions of law and fact common to the Class predominate over questions which may affect individual Class members.  These questions of law and fact include, but are not limited to, the following:

    (a)     Whether Defendants were required by law to pay overtime compensation to Pumper Drivers who worked in excess of 40 hours per week and/or eight (8) hours a day;

    (b)     Whether Defendants were required to pay members of the Class for rest periods not taken or allowed;

    (c)     Whether Defendants were required to pay members of the Class for meal periods not taken or allowed;

    (d)     Whether Defendants failed to keep accurate records of the hours of work of members of the Class;

    (e)     Whether Defendants failed to timely furnish the members of the Class with a statement accurately showing the total hours the Pumper Driver worked each pay

1 period;

2 (f) Whether Defendants failed to pay overtime wages at the time the Class Members'

3  employment ended; and

4 (g) Whether Defendants' systematic acts and practices violated, *inter alia*, California

5  Labor Code §§ 201, 202, 221, 226, 226.7, 510, 512, 558, 1174, 1194 and 1197, and

6  California Business & Professions Code §§ 17200 *et seq.*.

7 44. **Numerosity**: The Class is so numerous that the individual joinder of all members is

8 impractical under the circumstances of this case. While the exact number of members of the Class

9 is unknown to Plaintiffs at this time, Plaintiffs are informed and believe the Class consists of over

10 one hundred persons. Individual joinder of members of the Class is also impracticable because the

11 individual members are disbursed throughout California.

12 45. **Typicality**: Plaintiffs' and the Class Members' claims for restitution and damages

13 arise from and were caused by Defendants' wrongful conduct. Because Plaintiffs were Pumper

14 Drivers which required them to routinely work overtime and miss meal and rest periods, and because

15 they were not compensated for the overtime, meal and rest periods they worked, Plaintiffs are

16 asserting claims that are typical of the claims of each member of the Class. Plaintiffs are like all

17 other Class members because Plaintiffs have suffered the same injuries as those suffered by the

18 Class. Since Plaintiffs' claims and the claims of Class Members all derive from a common nucleus

19 of operative facts, Plaintiffs are asserting claims that are typical of the claims of the entire Class.

20 46. **Adequacy**: Plaintiffs will fairly and adequately represent and protect the interests

21 of the Class in that they have no disabling conflicts of interest that would be antagonistic to those

22 of the other members of the Class. Plaintiffs seek no relief that is antagonistic or adverse to the

23 members of the Class and the infringement of the rights and the damages they have suffered are

24 typical of all other members of the Class so that they will adequately represent the Class. Plaintiffs

25 have retained competent counsel experienced in class action litigation and employment law to further

26 ensure such protection and intends to prosecute this action vigorously.

27 47. **Superiority**: The nature of this action and the nature of laws available to Plaintiffs

28 and the Class make the use of the class action format a particularly efficient and appropriate

1 procedure to afford relief to Plaintiffs and the Class for the wrongs alleged because:

2     (a)     The individual amounts of damages involved, while not insubstantial, are such that

3           individual actions or other individual remedies are impracticable and litigating

4           individual actions would be too costly;

5     (b)     This case involves a large employer and a large number of individual employees with

6           many relatively small claims with common issues of law and fact;

7     (c)     If each Class member were required to file an individual lawsuit, the Defendants

8           would necessarily gain an unconscionable advantage since they would be able to

9           exploit and overwhelm the limited resources of each individual member of the Class

10          with their vastly superior financial and legal resources;

11     (d)     The costs of individual suits could unreasonably consume the amounts that would be

12          recovered;

13     (e)     Requiring each member of the Class to pursue an individual remedy would also

14          discourage the assertion of lawful claims by employees who would be disinclined to

15          pursue an action against their present and/or former employer for an appreciable and

16          justifiable fear of retaliation and permanent damage to their immediate and/or future

17          employment;

18     (f)     Proof of a common business practice or factual pattern which Plaintiffs experienced

19          is representative of that experienced by the Class and will establish the right of each

20          of the members to recover on the causes of action alleged; and

21     (g)     Individual actions would create a risk of inconsistent results and would be

22          unnecessary and duplicative of this litigation.

23     48.     Notice to the members of the Class may be made by first-class mail addressed to all

24 persons who have been individually identified by Defendants through access to Defendants' payroll

25 and personnel records. Alternatively, if Defendants cannot produce a list of members' names and

26 addresses, the members of the Class may be notified by publication in the appropriate media outlets,

27 and by posting notices in Defendants' places of business in the State of California.

28     49.     Plaintiffs and the members of the Class have all similarly suffered irreparable harm

COMPLAINT           11

1  and damages as a result of Defendants' unlawful and wrongful conduct. This action will provide

2  substantial benefits to both Plaintiffs and Class and the public since, absent this action, Plaintiffs and

3  the members of the Class will continue to suffer losses, thereby allowing Defendants' violations of

4  law to proceed without remedy, and allowing Defendants to retain the proceeds of their ill-gotten

5  gains.

6

## VII.
## CAUSES OF ACTION

7

### FIRST CAUSE OF ACTION
**Failure to Pay Overtime Compensation**
(Violation of California Labor Code §§ 510, 558, 1194 and 1197
and Wage Order Nos. 4-98 and 4-2000)
(Against All Defendants)

8

9

10

11  50.     Plaintiffs and the Class hereby incorporate by this reference each and every preceding

12  paragraph of this complaint as if fully set forth herein.

13  51.     Pursuant to section 1194 of the Labor Code, Plaintiffs and the Class may bring a civil

14  action for overtime wages directly against the employer in Plaintiffs' name without first filing a

15  claim with the Division of Labor Standards Enforcement. Further, such private class actions have

16  the support and approval of the Division of Labor Standards Enforcement.

17  52.     Pursuant to sections 510, 558, 1194 and 1197 of the Labor Code, among other

18  applicable sections, it is unlawful to employ persons for longer than the hours set by the Industrial

19  Welfare Commission or under conditions prohibited by the applicable Industrial Commission Wage

20  Orders and Federal Law, including but not limited to 29 U.S.C. § 207.

21  53.     During and throughout the course of the Class Period, Plaintiffs and the Class were

22  compelled to work in excess of eight (8) hours per workday, in excess of forty (40) hours per

23  workweek, and on the seventh day of the workweek.

24  54.     On each and every occasion in which Plaintiffs and the Class were compelled to work

25  in excess of eight (8) hours per workday, in excess of forty (40) hours per workweek, and for the first

26  eight (8) hours on the seventh day of the workweek, Defendants, and each of them, failed and refused

27  to compensate Plaintiffs and the Class at the rate of no less than one and one-half times the regular

28  rate of pay.

COMPLAINT                                    12

55.  During and throughout the class period, Plaintiffs and the Class were compelled to work in excess of twelve (12) hours per workday and in excess of eight (8) hours on the seventh day of the workweek.

56.  On each and every occasion in which Plaintiffs and the Class were compelled to work in excess of twelve (12) hours per workday and in excess of eight (8) hours on the seventh day of the workweek, Defendants, and each of them, failed and refused to compensate Plaintiffs at the rate of no less than twice the regular rate of pay.

57.  Defendants failed to retain the records of hours worked by Plaintiffs and the Class. Defendants' failure to retain the records of hours worked by Plaintiffs and the Class is unfair and willful and deliberate, and designed to serve the policy of unlawfully denying overtime compensation to persons employed as Pumper Drivers. Moreover, by failing to keep adequate time records required by Labor Code § 1174(d), Defendants have made it difficult to calculate the overtime compensation due Plaintiffs and the Class.

58.  Under the provisions of California's Labor Code and the applicable Wage Orders Nos. 4-98 and 4-2000 issued by the Industrial Welfare Commission of California, Plaintiffs and the Class should have received overtime wages in a sum according to proof for the hours they worked.

59.  Defendants cannot provide records because they have failed and refused and continue to fail and refuse to pay Plaintiffs and the Class the amounts owed and to keep accurate records in violation of section 1174 of the California Labor Code.

60.  Plaintiffs and the Class request recovery of overtime compensation according to proof, plus penalty wages, interest, attorney's fees and costs pursuant to sections 203, 218.5, 510, 558, 1194 and 1197 of the Labor Code, the relevant California Industrial Welfare Commission Wage Orders, or any other statutory, regulatory, or common law authority, as well as the assessment of any other statutory penalties against Defendants, in a sum as provided by the California Labor Code and other applicable California statutes and regulations and applicable Federal law.

61.  The pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful, and Plaintiffs and the Class are entitled to recover in a civil action for the unpaid balance of the full amount of the overtime premiums owing,

COMPLAINT                                    13

1   including interest thereon, penalties, reasonable attorney's fees and costs of suit according to the

2   mandate of the Labor Code.

### SECOND CAUSE OF ACTION
**Failure to Pay Final Wages**
**(Violation of California Labor Code §§ 201 and 202)**
(Against All Defendants)

6      62.     Plaintiffs and the Class hereby incorporate by this reference each and every preceding

7   paragraph of this complaint as if fully set forth herein.

8      63.     Labor Code § 201 requires employers to furnish immediately the final wages of an

9   employee who is terminated from employment.

10     64.     Labor Code § 202 requires employers to furnish the final wages of an employee who

11   quits within 72 hours of the resignation, unless the employee has provided 72 hours' notice of his

12   or her intention to quit, in which case the wages are due at the time of quitting.

13     65.     As to those members of the Class (including Plaintiffs) whose employment ended by

14   either termination or resignation during the class period, Defendants, and each of them, have failed

15   and refused, and continue to fail and refuse, to provide those Class Members with their final wages,

16   including but not limited to overtime compensation earned while employed by Defendants during

17   the Class Period.

18     66.     Accordingly, Defendants, and each of them, have wilfully failed to pay Plaintiffs and

19   the Class all wages due in accordance with Labor Code §§ 201 and 202.

20     67.     As a result of such illegal conduct, Plaintiffs and the Class have suffered damages in

21   an amount to be proven at trial.

22     68.     Pursuant to Labor Code § 218.5, Plaintiffs and the Class request that the court award

23   reasonable attorney's fees and costs incurred in this action, in addition to such other relief as may

24   be warranted.

25   ///

26   ///

27   ///

28   ///

COMPLAINT                                      14

### THIRD CAUSE OF ACTION
**Waiting Time Penalties**
**(Violation of California Labor Code § 203)**
(Against All Defendants)

69.     Plaintiffs and the Class hereby incorporate by this reference each and every preceding paragraph of this complaint as if fully set forth herein.

70.     Defendants' failure to pay wages, as alleged above, was willful in that Plaintiffs and the Class earned all wages that are currently owed and the failure to pay said wages was without justification or excuse.

71.     In denying Plaintiffs and the Class payment of the wages, Defendants acted wilfully, wantonly and intentionally.  As such, Defendants' actions in not paying Plaintiffs and the Class wages owed is entirely in bad faith and warrants waiting time penalties.

72.     Pursuant to the provisions of Labor Code § 203 and any other applicable statute or doctrine, Plaintiffs and those members of Class no longer employed by Defendants are entitled to a waiting time penalty equal to not less than 30 days' wages in an amount to be proven at trial.

### FOURTH CAUSE OF ACTION
**Failure to Provide Rest Periods**
**(Violation of California Labor Code § 226.7)**
(Against All Defendants)

73.     Plaintiffs and the Class hereby incorporate by this reference each and every preceding paragraph of this complaint as if fully set forth herein.

74.     At all times herein mentioned Plaintiffs and the Class were non-exempt employees and subject to the "rest period" provisions of the Industrial Welfare Commission.  No valid legal or applicable exception to the rest period requirement existed to allow Defendants to avoid providing Plaintiffs and Class Members with regular rest period(s) as required by the Labor Code, wage orders and/or regulations.

75.     From at least December 15, 2002 Defendants failed to allow members of the Class to take rest periods during every four hour period worked.  The law requires that employees, such as those in the Plaintiffs' position, be allowed a ten minute break during every four hour work period.  The prescribed break should be allowed, as close to the middle of the four hour period as possible, according to the Industrial Welfare Commission Wage Order 4-2001.  Thus, Plaintiffs

1 and the Class should have been afforded a ten minute break at the two hour point of the four hour
2 work periods. Defendants denied them such breaks and Defendants were well aware that rest
3 periods were being denied to their hourly employees. Plaintiffs and the Class regularly work and
4 have worked four hour shifts or longer without receiving the required ten minute breaks pursuant
5 to Labor Code § 226.7(a), (8 Cal. Code Reg. §§ 11010-11150, ¶12 (Cal. Wage Order Nos. 1-
6 2001-15-2001); 11160, ¶11 (Cal. Wage Order No. 16-2001). Wages are due to employees for
7 "all hours worked" under IWC Order 7-2001 §4(A). "[R]est periods shall be counted as hours
8 worked...." pursuant to IWC Order 4-2001 §12(A). Wages are due to the Plaintiffs to
9 compensate for the "rest periods" that were denied under applicable laws, rules, requirements,
10 and regulations. Ten minutes worth of prorated wages are due to the Plaintiffs, for each four
11 hour work period contained in each day of work each Class Member performed, from December
12 15, 2002 to the present. In addition, the Plaintiffs and Class are entitled to recover interest on the
13 unpaid rest period wages due to them. Further, the Plaintiffs and Class demand reasonable
14 attorneys fees and costs of suit, pursuant to Labor Code §218.5, plus all appropriate penalties for
15 the wage and hour violations, including the one hour's compensation due under IWC Order 4-
16 2001(B).

17    76.    Plaintiffs and the Class request relief pursuant to Labor Code § 226.7(b) which
18 provides for one hour of additional pay at the employees' regular rate of pay for each work day
19 the rest period(s) is not provided.

20                    **FIFTH CAUSE OF ACTION**
                       **Failure to Allow Meal Periods**
21              **(Violation of California IWC Order 7-2001)**
                       **(Against All Defendants)**
22
      77.    Plaintiffs and the Class hereby incorporate by this reference each and every
23
24 preceding paragraph of this complaint as if fully set forth herein.

      78.    At all times herein mentioned, Plaintiffs and the Class were non-exempt
25
26 employees and subject to the "meal period" provisions of the Industrial Welfare Commission.

27 No valid legal or applicable exception to the meal break requirement existed to allow Defendants
28 to avoid providing Plaintiffs and Class Members with regular meal breaks as required by the

1  Labor Code.

2       79.    From at least November 2002 to the present, Defendants failed to allow the
3  Plaintiffs and Class to take thirty (30) minute meal periods for every five (5) hours worked.
4  Defendants denied them such breaks and Defendants' agents and management were well aware
5  that rest/meal periods were being denied to their employees. Plaintiffs and Class Members
6  regularly work and have worked in excess of five (5) and ten (10) hours a day without being
7  afforded at least half-hour meal periods in which they were relieved of all duties as required by
8  Labor Code §§ 226.7, 512 and Wage Order No. 4-2000 ¶11(B). Defendants sometimes deprived
9  employees of both their lunch period and the thirty (30) minutes pay for the time when the
10  employees were working.

11       80.    Wages are due to employees for "all hours worked" under IWC Order 4-2001
12  ¶4(A) and applicable laws, rules, orders, requirements, and regulations. Plaintiffs and Class
13  Members request relief pursuant to Labor Code § 226.7(b) which provides for one hour of
14  additional pay at the employees' regular rate of pay for each work day the meal break is not
15  provided. Plaintiffs and the Class demand all applicable reimbursement and penalties for their
16  lost meal breaks, including the one hour's compensation due under the Wage Order. Further,
17  Plaintiffs and the Class demand reasonable attorney's fees and costs of suit, pursuant to Labor
18  Code §218.5.

19       81.    Under California law, meal periods must be recorded unless all operations cease
20  during the scheduled meal periods. In fact, Plaintiffs and the Class did not cease all operations
21  during scheduled meal periods. Plaintiffs and the Class are not only entitled to compensation for
22  the lost meal periods, but to the extent that Defendants claim that meal periods were taken which
23  are not documented, Plaintiffs and the Class also seek all applicable penalties for Defendants'
24  failure to keep accurate time records.

25  ///

26  ///

27  ///

28  ///

COMPLAINT                                     17

## SIXTH CAUSE OF ACTION
### Failure to Furnish Timely and Accurate Wage Statements
### (Violation of California Labor Code § 226)
### (Against All Defendants)

82. Plaintiffs and the Class hereby incorporate by this reference each and every preceding paragraph of this complaint as if fully set forth herein.

83. Labor Code § 226(a) requires employers semi-monthly or at the time of each payment of wages to furnish each employee with a statement itemizing, inter alia, the total hours worked by the employee. Labor Code § 226(e) provides that if an employer knowingly and intentionally fails to provide a statement itemizing, inter alia, the total hours worked by the employee, then the employee is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial violation and one hundred dollars ($100) for each subsequent violation, up to four thousand dollars ($4000).

84. Defendants knowingly and intentionally failed to furnish and continue to knowingly and intentionally fail to furnish each Plaintiffs and Class Member with timely, itemized statements showing the total hours worked by each of them, as required by Labor Code § 226(a). As a result, Defendants are liable to Plaintiffs and Class Members for the amounts provided by Labor Code § 226.

## SEVENTH CAUSE OF ACTION
### Unlawful and Unfair Business Acts and Practices
### (Violation of California Business & Professions Code §17200, et seq.)
### (Against All Defendants)

85. Plaintiffs and the Class hereby incorporate by this reference each and every preceding paragraph of this complaint as if fully set forth herein.

86. The acts, omissions, and practices of Defendants as alleged herein constituted unlawful and unfair business acts and practices within the meaning of Section 17200, et seq. of the California Business & Professions Code.

87. Defendants have engaged in "unlawful" business acts and practices by Defendants' wrongful mis-classification of their Pumper Drivers and their nonpayment of overtime wages in violation of the statutes and regulations, referenced herein above, including California Labor Code §§ 201-203, 221, 226, 226.7, 510, 558, 1174, 1194, 1197, and 2802;

1  Business & Professions Code §§ 17200 et seq.; I.W.C. Wage Order Nos. 4-98, 4-2000, 7-2001;

2  and 29 U.S.C. §§ 207, and 211(c).

3       88.   Plaintiffs reserve the right to allege other violations of law which constitute

4  unlawful acts or practices.

5       89.   Defendants have also engaged in "unfair" business acts or practices in that the

6  harm caused by Defendants' wrongful mis-classification of Pumper Drivers and their

7  nonpayment of overtime wages outweighs the utility of such conduct and such conduct offends

8  public policy, is immoral, unscrupulous, unethical, deceitful and offensive, causes substantial

9  injury to Plaintiffs and the Class, and provides Defendants with an unfair competitive advantage

10  over those employers that abide by the law, properly classify their employees, and pay overtime

11  compensation in accordance with the law.

12      90.   As a result of the conduct described above, Defendants have been and will be

13  unjustly enriched at the expense of Plaintiffs and the Class. Specifically, Defendants have been

14  unjustly enriched by the retention of hundreds of thousands, if not millions, of dollars in wages

15  earned and wrongfully withheld from Plaintiffs and the Class.

16      91.   The aforementioned unlawful or unfair business acts or practices conducted by

17  Defendants have been committed in the past and continues to this day. Defendants have failed to

18  acknowledge the wrongful nature of their actions. Defendants have not corrected or publicly

19  issued individual and comprehensive corrective notices to Plaintiffs and the Class or provided

20  full restitution and disgorgement of all ill-gotten monies either acquired or retained by

21  Defendants as a result thereof, thereby depriving Plaintiffs and the Class the minimum working

22  conditions and standards due them under California Labor Laws, Industrial Welfare Commission

23  Wage Orders and the Fair Labor Standards Act of 1938.

24      92.   Pursuant to the Section 17203 of the Business & Professions Code, Plaintiffs and

25  the Class seek an order of this Court requiring Defendants to disgorge all ill-gotten gains and

26  awarding Plaintiffs and the Class full restitution of all monies wrongfully acquired by Defendants

27  by means of such "unlawful" and "unfair" conduct, plus interest and attorneys' fees pursuant to,

28  inter alia, Section 1021.5 of the Code of Civil Procedure, so as to restore any and all monies to

COMPLAINT                 19

1 Plaintiffs and the Class and the general public which were acquired and obtained by means of
2 such "unlawful" and "unfair" conduct, and which ill-gotten gains are still retained by Defendants.
3 Plaintiffs and the Class additionally request that such funds be impounded by the Court or that an
4 asset freeze or constructive trust be imposed upon such revenues and profits to avoid dissipation
5 and/or fraudulent transfers or concealment of such monies by Defendants. Plaintiffs and the
6 Class may be irreparably harmed and/or denied an effective and complete remedy if such an
7 order is not granted.

8     93.   Pursuant to Section 17203 of the Business & Professions Code, Plaintiffs and the
9 Class seek an order of this Court for equitable and/or injunctive relief in the form of requiring
10 Defendants to classify their Pumper Drivers as non-exempt from overtime pay requirements, to
11 keep accurate records of time worked, and to insure the payment of earned overtime wages
12 henceforth.

13 **VIII.**

14 **PRAYER FOR RELIEF**

15     WHEREFORE, Plaintiffs, on behalf of themselves, all present and former similarly
16 situated Class Members, and on behalf of the general public, request the following relief:

17     A.   That the Court determine that this action may be maintained as a class
18 action under Code of Civil Procedure § 382;

19     B.   That the Court find that Defendants have violated the overtime provisions of
20 Labor Code § 1194 and Wage Orders 4-98 and 4-2000 as to the Plaintiffs and the Class;

21     C.   That the Court find that Defendants have violated the record-keeping provisions
22 of Labor Code § 1174(d) and section 7 of the Wage Orders as to Plaintiffs and the Class;

23     D.   That the Court find that Defendants have violated Labor Code §§ 226.7, 512 and
24 Wage Order No. 4-2000 by failing to afford Plaintiffs and Class Members adequate meal periods;

25     E.   That the Court find that Defendants have violated Labor Code § 226 by failing to
26 record, keep and timely furnish Plaintiffs and Class Members itemized statements accurately
27 showing the total hours worked by each of them;

28     F.   That the Court find that Defendants have violated Labor Code §§ 201, 202 and

COMPLAINT          20

1   203 for willful failure to pay all compensation owed at the time of termination of employment to

2   Class Members;

3     G.  That the Court find that Defendants have violated Business and Professions Code

4   §§ 17200 *et seq.* by failing to pay its Pumper Drivers overtime compensation and waiting period

5   penalties, by failing to keep proper time records, by failing to afford Pumper Drivers adequate

6   meal periods, and by failing to timely furnish Pumper Drivers with statements accurately

7   showing total hours worked;

8     H.  That the Court find that Defendants' violations as described above are found to

9   have been willful;

10     I.  That the Court award to Plaintiffs and the Class damages for the amount of unpaid

11   overtime compensation, including interest thereon, damages for failure to timely furnish

12   statements accurately showing total hours worked and penalties subject to proof at trial;

13     J.  That Defendants be ordered and enjoined to pay restitution to Plaintiffs and  the

14   Class due to Defendants' unlawful activities, pursuant to Business and Professions Code §§

15   17200-05;

16     K.  That Defendants further be enjoined to cease and desist from unlawful activities in

17   violation of Business and Professions Code §§ 17200 *et seq.*;

18     L.  That Plaintiffs and the Class be awarded reasonable attorneys' fees and costs

19   pursuant to Labor Code §§ 218.5, 226 and 1194, Code of Civil Procedure § 1021.5, and/or other

20   applicable law; and

21     M.  That the Court award such other and further relief as this Court may deem

22   appropriate.

23

24   Dated: December 11, 2006   By:

25               Jason E. Baker, Esq.

26               KEEGAN MACALUSO & BAKER, LLP

27               Attorneys for Plaintiffs and Class

28

1

## DEMAND FOR JURY TRIAL

2   Plaintiffs and Class Members hereby demand a jury trial on all causes of action and

3   claims with respect to which they have a right to jury trial.

4

5   Dated: December 11, 2006             By:

6                                               Jason E. Baker, Esq.
                                                KEEGAN MACALUSO & BAKER, LLP
7                                               Attorneys for Plaintiffs and Class

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT E

1 | JOHN S. ADLER, Bar No. 060398
LITTLER MENDELSON
2 | A Professional Corporation
501 W. Broadway
3 | Suite 900
San Diego, CA 92101.3577
4 | Telephone:   619.232.0441

5 | Attorneys for Defendants
DIAMOND ENVIRONMENTAL SERVICES, LLC
6 | AND ERIC DE JONG

7

8 |                 SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 |                 COUNTY OF SAN DIEGO – NORTH COUNTY

10 | JUAN MENDOZA and AGUSTIN          | Case No.  GIN 057664
FERNANDEZ, individually and on behalf |
11 | of all other persons similarly situated and | Assigned to:
on behalf of the general public,     | The Honorable Michael B. Orfield
12 |                                    | Dept. 28
                   Plaintiffs,        |
13 |                                    | **DEFENDANTS' ANSWER TO**
        v.                            | **PLAINTIFFS' COMPLAINT**
14 |                                    |
DIAMOND ENVIRONMENTAL            | Complaint Filed:  December 11, 2006
15 | SERVICES, LLC, a California limited  |
liability company; ERIC DE JONG, an  |
16 | individual; and DOES 1 through 100, |
inclusive,                          |
17 |                                    |
                   Defendants.        |
18

19 |        Defendants DIAMOND ENVIRONMENTAL SERVICES, LLC and ERIC DE

20 | JONG (hereinafter jointly referred to as "Defendants") submit the following response to the

21 | unverified Complaint ("Complaint") filed by Plaintiffs JUAN MENDOZA and AGUSTIN

22 | FERNANDEZ ("Plaintiffs").

23 |                               **GENERAL DENIAL**

24 |        Pursuant to the provisions of Code of Civil Procedure section 431.30(d), Defendants,

25 | and each of them, deny generally and specifically each and every allegation contained in Plaintiffs'

26 | Complaint.  In addition, Defendants deny that Plaintiffs, or any of them, have sustained, or will

27 | sustain, any loss or damage in the manner or amount alleged, or otherwise, by reason of any act or

28 | omission, or any other conduct or absence thereof on the part of Defendants, or either of them.

Firmwide:81875103.1 053586.1001

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101 3577
619 232 0441

DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT

# AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendants each allege that the Complaint, and each and every alleged claim therein, fails to state facts sufficient to constitute a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendants each allege that each Plaintiff has failed, refused and/or neglected to mitigate or avoid the damages complained of in the Complaint, if any.

## THIRD AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendants each allege that each Plaintiff's claims, to the extent allowable by law, are barred by the doctrines of waiver, unclean hands, estoppel and/or laches.

## FOURTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendants each allege that each Plaintiff is not entitled to equitable relief insofar as he has an adequate remedy at law.

## FIFTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendants each allege that the Complaint and each and every claim alleged therein is barred by all applicable statutes of limitations, including but not limited to, Code of Civil Procedure sections 338, 339, 340, California Business and Professions Code section 17208, and 29 U.S.C. section 255, and other applicable statutes of limitations.

## SIXTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendants each allege that each Plaintiff, and Plaintiffs collectively, has not and cannot satisfy the requirements for proceeding in a collective action under the provisions of section 382 of the California Code of Civil Procedure on behalf of others "similarly situated."

LITTLER MENDELSON
A Professional Corporation
351 W Broadway
Suite 900
San Diego, CA 92101-3577
619 232 0441

Firmwide:81875103.1 053586.1001

2.

DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT

## SEVENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendants each allege that each Plaintiff and all alleged potential class members have been paid and/or received all wages due to them by virtue of their employment with Defendants, and each of them.

## EIGHTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendants each allege that each Plaintiff, and Plaintiffs collectively, lack standing to file and/or prosecute this action against any Defendant and/or to receive any attorneys' fees.

## NINTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendants each allege that the Complaint fails to properly state a claim for attorney's fees under California Labor Code sections 218.5 and 1194(a), California Business and Professions Code section 17200, *et seq.*, or any other basis.

## TENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendants each are informed and believes and based thereon alleges that each Plaintiff was treated fairly and in good faith, and that Defendants, and each of them, acted in good faith at all times alleged in the Complaint, and at no time did any Defendant engage in unfair or deceptive business practices.

## ELEVENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendants each allege each Plaintiff's alleged injuries were not proximately caused by any unlawful policy, custom, practice and/or procedure promulgated and/or tolerated by any Defendant.

## TWELFTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendants each allege that, assuming *arguendo*, any Plaintiff is entitled to recover additional compensation on behalf of himself and/or others, Defendants have not willfully or intentionally failed to pay such additional compensation, and as such, liquidated damages should not be awarded and only a two-year statute of limitations

LITTLER MENDELSON
A Professional Corporation
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619.232.0441

Firmwide:81875103.1 053586.1001      3.

DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT

1   should apply under the Fair Labor Standards Act, or such other statute of limitations limits the time

2   for any recovery hereunder.

### THIRTEENTH AFFIRMATIVE DEFENSE

3

4          As a separate and distinct affirmative defense, Defendants each allege that each

5   Defendant has not willfully failed to pay any Plaintiff any wages, and there is a bona fide, good faith

6   dispute with respect to each Defendant's obligation to pay any wages that may be found to be due.

### FOURTEENTH AFFIRMATIVE DEFENSE

7

8          As a separate and distinct affirmative defense, Defendants each allege that each

9   Plaintiff's causes of action and/or claim for, or based upon, a violation of Labor Code section 226.7

10   fails and/or recovery is limited as a matter of law because the one-hour-of-pay remedy for meal and

11   rest period violations is a penalty, not wages, and therefore, the claim has a one year statute of

12   limitations under California Code of Civil Procedure Section 340(a).

### FIFTEENTH AFFIRMATIVE DEFENSE

13

14          As a separate and distinct affirmative defense, Defendants each allege that each

15   Plaintiff does not, and cannot, fairly and adequately represent the interests of the purported class.

### SIXTEENTH AFFIRMATIVE DEFENSE

16

17          As a separate and distinct affirmative defense, Defendants each allege that each

18   Plaintiff's claim for penalties is barred because each Defendant acted in good faith and reasonably

19   believed that its conduct was lawful.

### SEVENTEENTH AFFIRMATIVE DEFENSE

20

21          As a separate and distinct affirmative defense, Defendants each allege that

22   certification of a class, as applied to the facts and circumstances of this case, would constitute a

23   denial of each Defendant's procedural rights and right to trial by jury and to substantive and

24   procedural due process, in violation of the Fourteenth Amendment of the United States Constitution

25   and the Due Process and Equal Protection Clauses of the California Constitution.

### EIGHTEENTH AFFIRMATIVE DEFENSE

26

27          As a separate and distinct affirmative defense, Defendants each allege that this suit

28   may not be properly maintained as a class action because:  (1) Plaintiffs, and each of them, have

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619 232 0441

Firmwide:81875103.1 053586.1001                    4.

failed to plead, and cannot establish, the necessary procedural elements for class treatment; (2) a class action is not an appropriate method for the fair and efficient adjudication of the claims described in the Complaint; (3) common issues of fact or law do not predominate and, to the contrary, individual issues predominate; (4) Plaintiffs' claims are not representative or typical of the claims of the putative class; (5) Plaintiffs are not a proper class representative; (6) Plaintiffs and their counsel of record are not adequate representatives for the alleged putative class; (7) Plaintiffs cannot satisfy any of the requirements for class action treatment, and class action treatment is neither appropriate nor constitutional; (8) there is not a well-defined community of interest in the questions of law or fact affecting Plaintiffs and the members of the alleged putative class; (9) the alleged putative class is not ascertainable, nor are its members identifiable; and (10) to the extent that the alleged putative class is ascertainable and its members are identifiable, the number of putative class members is too small to meet the numerosity requirement for a class action.

### NINETEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendants each allege that the adjudication of the claims of the putative class through generalized classwide proof violates each Defendant's rights to a trial by jury guaranteed by the United States and California Constitutions.

### TWENTIETH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendants each allege that each Plaintiff cannot recover lost wages, penalties or other monetary remedies under Business and Professions Code section 17200 *et seq.*

### TWENTY-FIRST AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendants each allege that each Plaintiff is not entitled to an award of prejudgment interest if he prevails on any or all of his claims.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendants each allege that the Complaint fails to properly state facts sufficient to entitle each Plaintiff or putative class members to any relief, including, but not limited to, its failure to properly state facts sufficient to identify any actual or threatened harm to each Plaintiff beyond pure speculation, its failure to allege facts

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101 3577
619 232 0441

Firmwide:81875103.1 053586.1001

5.

DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT

1  showing that each Plaintiff has no adequate remedy at law, and its proposal of relief that would

2  impose an undue burden on both Defendants and the Court and be so uncertain as to be wholly

3  unenforceable.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

5      As a separate and distinct affirmative defense, Defendants each allege that each

6  Plaintiff has failed to allege sufficient facts to state a claim upon which punitive damages may be

7  awarded.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

9      As a separate and distinct affirmative defense, each Defendant alleges that each of

10 Plaintiff's claims and causes of action are barred either in whole or in part by collateral estoppel, res

11 judicata and/or judicial estoppel in that the matters complained of herein were, in whole or in part,

12 the subject of government inquiry and resolved by and through said governmental process.

13 Additionally, each Defendant alleges that this civil action cannot be maintained because the

14 exclusive method by which the administrative findings of the government can be contested is by

15 administrative review and/or writ of mandate and/or such other internal or judicial process.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

17     Plaintiffs' right to seek and/or obtain relief herein, if any, is barred by Plaintiffs'

18 failure to proceed by way of internal administrative review and/or by writ of mandate and/or by a

19 failure of Plaintiffs to exhaust administrative or internal remedies to challenge the actions of each

20 Defendant and/or all of the Defendants herein.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

22     Defendants are informed and believe, and on that basis allege, that the Complaint, and

23 each purported claim contained therein, is barred by the doctrines of release and/or accord and

24 satisfaction.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

26     Defendants are informed and believe, and on that basis allege, that the conduct of

27 Defendants as alleged in the Complaint was justified and privileged under the circumstances.

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA  92101-3577
619.232.0441

Firmwide:81875103.1 053586.1001

6.

DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT

1

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

2   Defendants are informed and believe, and on that basis allege, that the Complaint, and
3   each purported claim contained therein, is barred pursuant to the doctrine of avoidable
4   consequences.

5

### TWENTY-NINTH AFFIRMATIVE DEFENSE/

6   Each Defendant is informed and believes, and on that basis allege, that the Complaint,
7   and each purported claim contained therein, is barred as to Defendant de Jong because said
8   Defendant was not the "employer" of any Plaintiff under California or federal law.

9

### THIRTIETH AFFIRMATIVE DEFENSE

10   Each Defendant is informed and believes, and on that basis alleges, that the
11   Complaint, and each purported claim contained therein, is barred as to Defendant de Jong because
12   Plaintiffs had no employment relationship with said Defendant, nor is said Defendant responsible for
13   the claims asserted by Plaintiffs.

14

### THIRTY-FIRST AFFIRMATIVE DEFENSE

15   Each Defendant is informed and believes, and on that basis alleges, that each Plaintiff
16   is barred from obtaining relief pursuant to the causes of action for violation of California Business
17   and Professions Code section 17200, *et seq.* to the extent each Plaintiff cannot act as private attorney
18   generals.

19

### THIRTY-SECOND AFFIRMATIVE DEFENSE

20   As a separate and distinct affirmative defense, each Defendant alleges that to the
21   extent any sum is found due and owing to any Plaintiff and/or Class Member herein, each Defendant
22   is entitled to a set-off against said sum to the extent paid, tendered, waived, compromised and/or
23   released prior to the adjudication herein, including but not limited to those amounts paid, tendered,
24   waived, compromised and/or released through any governmental inquiry, investigation, enforcement
25   action or other proceeding.

26   ////

27   ////

28   ////

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA  92101 3577
619 232 0441

Firmwide:81875103.1 053586.1001

7.

DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT

## **ADDITIONAL DEFENSES**

Defendants do not presently know all facts with respect to the conduct alleged by Plaintiffs sufficient to state all affirmative defenses at this time. Defendants each reserve the right to amend this Answer should it/he later discover facts demonstrating the existence of additional affirmative defenses.

WHEREFORE, each Defendant prays that:

1. The Complaint be dismissed in its entirety with prejudice and each Plaintiff take nothing by his Complaint;

2. Judgment be entered against each Plaintiff and in favor of each Defendant;

3. Defendants each be awarded its/his costs of suit and reasonable attorneys' fees incurred herein; and

4. The Court award each Defendant such other and further relief as it deems appropriate.

Dated: January ___5___, 2007

JOHN S. ADLER
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendants
DIAMOND ENVIRONMENTAL SERVICES,
LLC AND ERIC DE JONG

LITTLER MENDELSON
A Professional Corporation
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619 232 0441

Firmwide:81875103.1 053586.1001

8.

DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT

1

## PROOF OF SERVICE BY PERSONAL DELIVERY

2      I am employed by WorldWide Network in San Diego County, California.  I am over

3 the age of eighteen years and not a party to the within-entitled action.  My business address is

4 701 "B" Street, Suite 324, San Diego, California 92101.  On January 8, 2007, I personally served:

5      DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT

6      by delivering copies thereof to:

7

8

9

10

11

| Jason E. Baker, Esq.<br>Peter Karvelis, Esq.<br>Brent Jex, Esq.<br>Keegan, Macaluso & Baker, LLP<br>4370 La Jolla Village Drive, Suite 640<br>San Diego, CA  92122 | Attorneys for Plaintiffs<br>JUAN MENDOZA and<br>AGUSTIN FERNANDEZ, et al.<br><br>Phone: 858-552-6750<br>Fax: 858-552-6749 |
| --- | --- |

12

13

14      I declare under penalty of perjury under the laws of the State of California that the

15 above is true and correct.

16      Executed on January 8, 2007, at San Diego, California.

17

18

19

Tracy Kroft

WORLDWIDE NETWORK

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
501 W. Broadway
Suite 900
San Diego, CA 92101 3577
619.232.0441

Firmwide:81884885.1 053586.1001

PROOF OF SERVICE

1

## PROOF OF SERVICE

2

3          I am a resident of the State of California, over the age of eighteen years, and not a

4      party to the within action. My business address is 501 W. Broadway, Suite 900, San Diego,

5      California 92101.3577. On January 9, 2007, I served the within document(s):

6          1.  CIVIL COVER SHEET

7          2.  NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL
               ACTION

8

9          3.  DECLARATION OF JOHN S. ADLER REGARDING NOTICE
               TO STATE COURT OF REMOVING OF CIVIL ACTION TO
               FEDERAL COURT

10

11         4.  DEFENDANTS' NOTICE OF PARTY WITH FINANCIAL
               INTEREST

12         5.  NOTICE OF RELATED CASES

13

14     BY PERSONAL SERVICE.   I caused to be delivered by hand to the offices of the above

15     addressee(s) the document(s) specified above.

16

| Jason E. Baker, Esq.<br>Peter Karvelis, Esq.<br>Brent Jex, Esq.<br>Keegan, Macaluso & Baker, LLP<br>4370 La Jolla Village Drive, Suite 640<br>San Diego, CA 92122 | Attorneys for Plaintiffs<br>JUAN MENDOZA and<br>AGUSTIN FERNANDEZ, et al.<br><br>Phone: 858-552-6750<br>Fax: 858-552-6749 |
| --- | --- |

17

18

19

20

21         I am readily familiar with the firm's practice of collection and processing

22     correspondence for courier delivery service.  Under that practice it would be hand delivered by a

23     local courier service before close of business on this date.

24         I declare that I am employed in the office of a member of the bar of this court at

25     whose direction the service was made. Executed on January 9, 2007, at San Diego, California.

26

27     _____
                      Cindy L. Lewis

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619.232.0441

Firmwide:81889416.1 053586.1001                                PROOF OF SERVICE

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
JUAN MENDOZA and AGUSTIN FERNANDEZ, individually and on behalf of all other persons similarly situated and on behalf of the general public

### DEFENDANTS
DIAMOND ENVIRONMENTAL SERVICES, LLC, a California limited liability company; ERIC DE JONG, an individual; and DOES 1 THROUGH 100, inclusive

2007 JAN -9 PM 1: 43

(b) County of Residence of First Listed Plaintiff San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.
SOUTHERN DISTRICT OF CALIFORNIA

(c) Attorney's (Firm Name, Address, and Telephone Number)
JAMES E. BAKER, ESQ., Bar No. 197666
PETER KARVELIS, ESQ., Bar No. 216299
BRENT JEX, ESQ., Bar No. 235251
KEEGAN, MACALUSO & BAKER, LLP
4370 La Jolla Village Drive, Suite 640
San Diego, CA 92122
Tel: (858) 552-6750    Fax: (858) 552-6749

Attorneys (If Known)
JOHN S. ADLER, ESQ., Bar No. 060398
LITTLER MENDELSON, P.C.
501 West Broadway, Suite 900
San Diego, CA 92101-3577
Tel: (619) 232-0441    Fax: (619) 232-4302

DEPUTY

'07 CV 0056 BTM    POR

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                    and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury— Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
|  | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending |  | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract |  | ☒ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation |  | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty |  |  |  |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 550 Civil Rights |  |  |  |
|  | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC §§ 1441 and 1446
Brief description of cause:
Class Action - wage and hour violations alleged

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____    DOCKET NUMBER _____

DATE 1-8-07

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # 133684    AMOUNT $350    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

fee 1/9/07

American LegalNet, Inc.    www.USCourtForms.com

UNITED STATES
DISTRICT COURT
Southern District of California
San Diego Division

# 133684 - RB
January 9, 2007

| Code | Case # | Qty | Amount |
|------|--------|-----|--------|
| CV066088 | 3-07-CV-0056 | | 68.00 CK |
| Judge | - HOSKOWITZ | | |
| CV086408 | | | 100.00 CK |
| CV518900 | | | 190.00 CK |

Total->                    358.00

FROM: CIVIL FILING
      JUAN MENDOZA ET AL V. DISHONG
      ENVIRONMENTAL SERVICES ET AL
      373 905202 10