Jason E. Baker, Esq. (SBN: 197666)
Brent Jex, Esq. (SBN: 235251)
**KEEGAN MACALUSO & BAKER, LLP**
4370 La Jolla Village Drive, Suite 640
San Diego, CA 92122
Telephone: (858) 552-6750
Facsimile:  (858) 552-6749

Attorneys for Plaintiffs JUAN MENDOZA and AGUSTIN FERNANDEZ

John S. Adler, Esq. (SBN: 060398)
**LITTLER MENDELSON**
A Professional Corporation
501 W. Broadway, Suite 900
San Diego, CA 92101-3577
Telephone: (619) 232-0441
Facsimile:  (619) 232-4302

Attorneys for DIAMOND ENVIRONMENTAL SERVICES, LLC and ERIC DE JONG

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN MENDOZA and AGUSTIN FERNANDEZ, individually and on behalf of all other persons similarly situated and on behalf of the general public,<br><br>　　　　　　Plaintiffs,<br><br>　vs.<br><br>DIAMOND ENVIRONMENTAL SERVICES, LLC, a California limited liability company; ERIC DE JONG, an individual; and DOES 1 through 100, inclusive,<br><br>　　　　　　Defendants. | Case No. 07-CV-0056 BTM (POR)<br><br>**JOINT MOTION FOR APPROVAL OF SETTLEMENT AND STAY OF CLASS CLAIMS PENDING RESOLUTION OF STATE COURT ACTION**<br><br>Hearing:　　　　TBD<br>Time:　　　　　TBD<br>Courtroom:　　　15<br><br>[NO ORAL ARGUMENT PER LOCAL RULE] |

## I.

## INTRODUCTION.

Plaintiffs and Defendants, through their respective counsel of record, have reached a tentative settlement of this entire action, including the corresponding state court action. In connection therewith, Plaintiffs and Defendants hereby seek an order of this Court (i) approving the settlement of claims raised by Plaintiffs Juan Mendoza and Augustine Fernandez in this case for $30,000 each;

and (ii) staying the claims of the non-certified putative class of employees in this action pending pursuit and resolution of those claims in the corresponding state court action entitled *Kevin Hernandez and Raphael Cervantes v. Diamond Environmental Services, LLC* (San Diego Superior Court Case No. 37-2007-00051019-CU-OE-NC).

## II.

## FACTUAL BACKGROUND & PROCEDURAL HISTORY.

### A.  Nature Of The Case.

Plaintiffs originally brought this case in San Diego Superior Court contending that Defendants DIAMOND ENVIRONMENTAL SERVICES, LLC and its principal ERIC DE JONG violated both federal and state wage and hours laws by misclassifying Plaintiffs and the putative class of Pumper Drivers[1] as salaried employees exempt from certain wage and hour laws. Plaintiffs allege that the Pumper Drivers are entitled to overtime wages for all hours worked in excess of 8 hours per day and/or 40 hours per week, were improperly denied meal and/or rest periods and entitled to *California Labor Code section 203* penalties, interest, attorney fees, restitution for unlawful business practices under *California Business & Professions Code section 17200* et seq., and other related matters. Plaintiffs are informed and believe the putative class includes approximately 80 Pumper Drivers employed primarily within San Diego County.

### B.  Procedural History.

There are two pending actions seeking class certification, economic damages and injunctive relief on behalf of a putative class of Pumper Drivers employed by Defendants - this case (hereinafter known as "*Mendoza*") and San Diego Superior Court Case No. 37-2007-00051019-CU-OE-NC entitled *Kevin Hernandez and Raphael Cervantes v. Diamond Environmental Services, LLC,* et al. (hereinafter known as *"Hernandez")*. Both *Mendoza* and *Hernandez* arise from the same general set of facts and circumstances and, except as set forth below, affect the same putative class of Pumper Drivers. The parties in both cases are each represented by the same respective counsel.

---

[1] Pumper Drivers were responsible for driving a truck to work sites through San Diego County to service portable restrooms, pumping waste and cleaning and restocking the portable restrooms and the service truck.

### The Mendoza Matter

This *Mendoza* matter was filed on December 11, 2006 in San Diego Superior Court. Defendants removed *Mendoza* to federal court on January 9, 2007, based upon Plaintiffs' claims that Defendants violated the Fair Labor Standards Act ("FLSA"). On March 1, 2007, Plaintiffs filed a motion for leave to amend the complaint to eliminate any FLSA claims and a simultaneous motion to remand *Mendoza* to San Diego Superior Court. Defendants only contested the motion to remand. These motions are still pending. The *Mendoza* class is defined as: "all persons who were employed as a "Pumper Driver" at any Diamond work site in the State of California (the "Class") during the period commencing from December 11, 2002 up until the date of trial (the "Class Period")." Baker Decl. ¶3; Compl. ¶41. This class has not yet been certified.

### The Hernandez Matter

On February 10, 2007, Plaintiffs Kevin Hernandez and Raphael Cervantes filed the *Hernandez* action in San Diego Superior Court, alleging the exact same claims as *Mendoza*, but eliminating any FLSA claims. The *Hernandez* class is defined as: "all persons who were employed as a "Pumper Driver" at any Diamond work site in the State of California (the "Class") during the period commencing from February 10, 2003 up until the date of trial (the "Class Period"). Baker Decl. ¶4. This class has not yet been certified.

### Settlement Efforts

Since the commencement of the litigation, class counsel and defense counsel have worked diligently and cooperatively to analyze this case at an early time through significant informal discovery and informal fact finding to investigate the factual and legal strengths and weaknesses of this case, have reviewed and evaluated relevant documents, meet with their respective clients and have engaged in extensive legal research and analysis regarding the Parties' respective positions on the issues raised by the Complaint. Baker Decl. ¶5.

On February 13, 2007, the parties and their attorneys participated in an Early Neutral Evaluation Conference with the Honorable Judge Louisa S. Porter in connection with the *Mendoza* matter. Despite best efforts, the parties were unable to reach a settlement.

On June 27, 2007, the parties and their attorneys participated in a private mediation before

Michael J. Roberts, Esq. of ADR Services, Inc. for both the *Mendoza* and the *Hernandez* matters. Attorney Roberts is an experienced, highly regarded mediator in San Diego County. Despite mediation efforts covering more than ten hours that day, the parties did not settle the case that day, but continued settlement negotiations and discussions thereafter. Since then, the parties have reached an agreement within the same framework proposed by Mediator Roberts, with respect to all core settlement terms of both the *Mendoza* and *Hernandez* matters. Baker Decl. ¶6. The *Mendoza* and *Hernandez* settlement agreements are attached as Exhibits "A" and "B" to the Declaration of Jason E. Baker filed concurrently herewith.

These settlements, if approved by this court in *Mendoza* and San Diego Superior Court in *Hernandez*, will resolve all claims and issues of the putative class of Pumper Driver in both actions.

**C.   The Settlement Agreement.**

The combined total value of the settlement of both *Mendoza* and *Hernandez* (if approved) is approximately $515,000, inclusive of all payments to class members, attorneys fees, costs, and settlement administration, if all class members submit a valid and timely Proof of Claim form. Additionally, class members have received a benefit of approximately $350,000 from a separate settlement of wage and hour claims through the United States Department of Labor in or around December, 2006. Baker Decl. ¶8. It is the belief of counsel for the respective parties that these settlements fairly compensate the class for the alleged wage and hour violations.

Under the terms of the parties' settlement agreement in *Mendoza* (if approved), Plaintiffs Juan Mendoza and Agustin Fernandez will each dismiss with prejudice their individual claims in this action and each receive $30,000, allocated as $10,000 in full and final settlement of their wage and hour claims and confidentiality and waiver of all other claims, known or unknown; $10,000 for incentive award for their efforts as class representatives for the putative class of Pumper Drivers in the *Mendoza* matter and $10,000 for an agreement not to seek future employment from Defendants, or any affiliated company. Additionally, the class claims in *Mendoza* will be stayed pending resolution of those claims in state court as part of the *Hernandez* matter. The parties anticipate the proposed settlement in *Hernandez* will be approved, and upon that occurrence, the parties will forthwith jointly request the class claims in *Mendoza* be dismissed with prejudice.

As proposed, Plaintiffs Mendoza and Fernandez will receive only the proceeds set forth above and neither will participate in the remaining settlement proceeds of the *Hernandez* action. Plaintiffs' counsel is not seeking an award of fees or costs in connection with the *Mendoza* settlement, but will do so as part of the *Hernandez* matter on the basis of the settlement of both actions. In other words, other than the proceeds to be paid to Plaintiffs Mendoza and Hernandez, all remaining settlement proceeds will be subject to court approval in the *Hernandez* action.

Importantly, to facilitate settlement and not prejudice the putative *Mendoza* class, the parties have included in the *Hernandez* settlement agreement a provision that the class period in the later filed *Hernandez* action will begin on December 11, 2003, three years from the filing of the complaint in the earlier *Mendoza* case. Baker Decl. ¶10. Thus, the putative class in *Hernandez* is not prejudiced by resolving this matter in state court. If, however, the *Hernandez* settlement is not ultimately approved, Plaintiffs can seek to reinstate the class claims only in the *Mendoza* action.

Plaintiffs and Defendants seek an order of this Court (i) approving the settlement of claims raised by Plaintiffs Juan Mendoza and Augustine Fernandez in this case for $30,000 each, allocated as $10,000 in full and final settlement of all claims, including their wage and hour claims, $10,000 for incentive award for their efforts as class representatives for the putative class of Pumper Drivers, and $10,000 for an agreement not to seek future employment and (ii) staying the claims of the non-certified putative class of employees in this action pending pursuit and resolution of those claims in the corresponding *Hernandez* action.

### III.

### LEGAL STANDARD FOR COURT APPROVAL OF CLASS ACTIONS.

Federal Rule of Civil Procedure 23(e) provides that the Court "must approve any settlement, voluntary dismissal, or compromise of the claims, issues, or defenses of a certified class." Fed. R. Civ. P. 23(e). Approval under 23(e) typically involves a two-step process in which the Court first determines whether a proposed class action settlement deserves preliminary approval and then, after notice is given to class members, whether final approval is warranted. *See Manual for Complex Litigation, Third,* § 30.41, at 236-237 (1995).

The "universally applied standard" in determining whether a court should grant final approval

Joint Motion For Approval Of Settlement And Stay of Class Claims Pending Resolution of State Court Action   5

to a class action settlement is whether the settlement is "fundamentally fair, adequate, and reasonable. 5 Moore Federal Practice, § 23.85 (Matthew Bender 3d ed.) (citing *In re Pacific Enters. Sec. Litig.*, 47 F.3d 373, 377 (9th Cir. 1995) and *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992), *cert denied*, 506 U.S. 953. The Ninth Circuit has considered, if applicable, eight factors in determining whether a proposed class action settlement is fair, reasonable, and adequate[2]. *See Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1242 (9th Cir. 1998); *see also Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998). However, not all of these factors will apply to every class action settlement, and, under certain circumstances, one factor alone may prove determinative in finding sufficient grounds for court approval. *See, e.g., Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1376 (9th Cir. 1993).

Furthermore, "[d]istrict courts have wide discretion in assessing the weight and applicability of each factor." 5 *Moore's Federal Practice,* § 23.85[2][a] (Matthew Bender 3d ed.). "The relative degree of importance to be attached to any particular factor will depend upon and be dictated by the nature of the claim(s) advanced, the type(s) of relief sought, and the unique facts and circumstances presented by each individual case." *Officers for Justice v. Civil Service Somm'n of the City and County of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982). "Ultimately, the district court's determination is nothing more than an 'amalgam of delicate balancing, gross approximations, and rough justice.'" (quoting *City of Detroit v. Grinnel Corp.*, 495 F.2d 448, 468 (2d Cir. 1974)). "The initial decision to approve or reject a settlement proposal is committed to the sound discretion of the trial judge." *Officers for Justice*, 688 F.2d at 625.

**IV.
DISCUSSION.**

Here, the procedural status of this class action is unusual in that there are parallel class action cases involving the same claims and issues being litigated in both state and federal courts, neither

---

[2]Those factors are 1) the strength of plaintiff's case; 2) the risk, expense, complexity, and likely duration of further litigation; 3) the risk of maintaining class action status throughout the trial; 4) the amount offered in settlement; 5) the extent of discovery completed and the stage of the proceedings; 6) the experience and view of counsel; 7) the presence of a governmental participant; and 8) the reaction of the class members to the proposed settlement. *See Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1242 (9th Cir. 1998); *see also Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998).

of which is certified. For the reasons discussed below, and because the parties have agreed that the state court in the *Hernandez* action will hear the forthcoming motions for preliminary and final approval, a typical analysis of the factors set forth in *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1242 (9th Cir. 1998) may be irrelevant and unnecessary. Rather, as discussed further below, this memorandum seeks approval by of the Mendoza settlement by demonstrating its fairness and lack of prejudice to the *Mendoza* class.

      A.    <u>The Individual Settlements Fairly Compensate Plaintiffs For Their Claims</u>.

Under the *Mendoza* settlement, Plaintiffs Mendoza and Fernandez will each receive a total of $30,000, allocated as $10,000 in full and final settlement of all claims, including their wage and hour claims, $10,000 for incentive award for their efforts as class representatives for the putative class of Pumper Drivers and $10,000 for an agreement not to seek future employment. This proposed settlement is intended to compensate Plaintiffs for their efforts and claims.

Plaintiffs represent, and Defendants do not contest for purposes of this settlement the following: Each of Plaintiffs Mendoza and Fernandez made significant contributions and were instrumental to settlement of both the *Mendoza* and *Hernandez* matters. Each was willing to initially come forward and pursue a claim on behalf of the putative class(es). Similarly, each was willing to spend significant time with Plaintiff's counsel developing both cases, reviewing documents, interviewing witnesses and putative class members, including providing translation when necessary. Plaintiff *Mendoza* participated in two mediation sessions, and Plaintiff *Fernandez* participated in one mediation session and was on telephone standby for the other mediation, including preparation therefor, including travel time and missed time from work. Without their contributions, neither settlement would likely have come to fruition.

This amount is considered significant by the Plaintiffs, considering that they each were earning roughly $30,000 *per year* while employed with Defendants. The proposed settlement amount compensates them for a substantial portion of their maximum claim value[3]. Because Mr. Mendoza and Mr. Fernandez are receiving compensation for their claims and roles as class

---

[3] This is also slightly more than what was offered to Plaintiffs at the Early Neutral Evaluation ("ENE"), and thus , compensates them for the additional effort in pursuing the *Mendoza* matter after the ENE and for assisting with the *Hernandez* matter.

1  representatives in this action, they will not be submitting claims in the *Hernandez* action, and will
2  not be receiving incentive awards for their roles in that action.
3      Because of the above, the Court should grant this motion.
4      B.    <u>The San Diego Superior Court Will Adequately Protect The Interests Of The Class In Deciding Whether To Approve The Parties' Settlement Agreement</u>.
5
6      The central issue of this motion is whether the putative class will be prejudiced by the
7  settlement in this action.  Here, there is no prejudice to the putative class because the parties have
8  already reached a settlement of the *Hernandez* matter which, if approved, will include all putative
9  class members of *Mendoza* and encompass *Mendoza's* earlier class period. Essentially, the class
10 claims stayed in *Mendoza* are proposed to be settled in the *Hernandez* action and ultimately
11 dismissed in *Mendoza,* pending approval of the state court, and fulfillment of the terms of the
12 *Hernandez* settlement agreement.
13     Additionally, if the Court determines that it should dismiss the *Mendoza* class claims, the San
14 Diego Superior Court (Hon. Judge Michael Anello) will remain a key participant in the *Hernandez*
15 action, to ensure the proposed settlement agreement is fair to the putative class.  The standard in
16 California for determining whether to approve a class action settlement is almost identical to the
17 federal standard and factors set forth in *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1242 (9th
18 Cir. 1998).  In California, when considering settlement at the final settlement hearing, the court's
19 primary concern is whether a class settlement, taken as a whole, is fair, adequate and reasonable.
20 *Dunk v. Ford Motor Co.* (1996) 48 Cal.App.4th 1794, 1801; and *7-Eleven Owners for Fair*
21 *Franchising*, *supra*, 85 Cal.App.4th at 1151.  As stated by the Court in *Dunk*, "a presumption of
22 fairness exists where:  (1) the settlement is reached through arm's-length bargaining;  (2)
23 investigation and discovery are sufficient to allow counsel and the court to act intelligently; (3)
24 counsel is experienced in similar litigation;  and (4) the percentage of objectors is small." *Dunk,*
25 *supra,* 48 Cal.App.4th at 1802.  All of those factors are satisfied in both the *Mendoza* and *Hernandez*
26 settlements.
27     Moreover, the claims pleaded in the proposed First Amended Complaint of *Mendoza*
28 eliminate federal claims thereby leaving the remaining claims based on California law, by California

residents against a California company that does business only in California. Thus, San Diego Superior Court is especially appropriate for determining whether the ultimate class settlement is fair and should be approved.

Because the San Diego Superior Court will adequately protect the interests of the class in deciding whether to approve the parties' settlement agreement, the Court should give final approval to: 1) the parties' settlement agreement in *Mendoza*; and 2) request to stay the remaining class claims in *Mendoza.*

C. <u>Notice Prior To Final Settlement Of This Action Should Not Be Required</u>

"[I]t is generally recognized that class notice may properly be waived in the court's discretion without first denying the class aspects, provided the court determines that no prejudice to the class will result." Conte & Newberg, 5 Newberg on Class Actions, § 11:71 (4th ed.); *see also Larkin General Hospital, Ltd. v. American Tel. & Tel. Co.*, 93 F.R.D. 497 (E.D. Pa. 1982) (no notice required where no possibility of any collusive settlement or prejudice to the class); *Wallican v. Waterloo Community School Dist. in Black Hawk County*, 80 F.R.D. 492 (N.D. Iowa 1978) (no notice where no danger of collusion between the parties or of a sell-out of the asserted class by the plaintiffs.

Here, no notice of settlement is needed because the only claims extinguished in the *Mendoza* matter are those of Plaintiffs Mendoza and Fernandez. All other putative class members of *Mendoza* are adequately protected in the *Hernandez* matter, whereby they will receive appropriate notice of the settlement and opportunity to opt out and object, and are otherwise stayed in this action. In fact, the parties in *Hernandez* receive greater protection because the settlement agreement of the parties in *Hernandez* uses the earlier class period of *Mendoza*. Thus, no prejudice to the putative class will result if this settlement agreement is approved and this action is stayed pending approval of *Hernandez*. If the *Hernandez* settlement is rejected, the class members will still have their day in court.

**V.**
**CONCLUSION.**

Because Plaintiffs' compensation for their individual claims is fair, and because the San

1  Diego Superior Court will adequately protect the interests of the class in deciding whether to approve
2  the parties' settlement agreement in the *Hernandez* action, the Court Order: (i) approval of the
3  settlement of claims raised by Plaintiffs Juan Mendoza and Augustine Fernandez in this case for
4  $30,000 each; and (ii) staying the claims of the non-certified putative class of employees in this
5  action pending pursuit and resolution of all claims in the corresponding *Hernandez* action.

7  Respectfully submitted,

8  **KEEGAN MACALUSO & BAKER, LLP**

10 Dated: August 27, 2007           **By:**   s/Jason E. Baker
                                             Jason E. Baker, Esq.
11                                           Brent Jex, Esq.
                                             Attorneys for Plaintiffs

13 **LITTLER MENDELSON**

14 Dated: August 27, 2007           **By:**   s/John S. Adler
                                             John S. Adler, Esq.
15                                           Attorneys for Defendants