Jason E. Baker, Esq. (SBN: 197666)
Brent Jex, Esq. (SBN: 235251)
**KEEGAN MACALUSO & BAKER, LLP**
4370 La Jolla Village Drive, Suite 640
San Diego, CA 92122
Telephone: (858) 552-6750
Facsimile: (858) 552-6749

Attorneys for Plaintiffs JUAN MENDOZA and AGUSTIN FERNANDEZ

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN MENDOZA and AGUSTIN FERNANDEZ, individually and on behalf of all other persons similarly situated and on behalf of the general public,<br><br>Plaintiffs,<br><br>vs.<br><br>DIAMOND ENVIRONMENTAL SERVICES, LLC, a California limited liability company; ERIC DE JONG, an individual; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 07-CV-0056 BTM (POR)<br><br>**DECLARATION OF JASON E. BAKER SUPPORTING JOINT MOTION FOR APPROVAL OF SETTLEMENT AND STAY OF CLASS CLAIMS PENDING RESOLUTION OF STATE COURT ACTION**<br><br>Hearing: TBD<br>Time: TBD<br>Courtroom: 15<br><br>[NO ORAL ARGUMENT PER LOCAL RULE] |

I, Jason E. Baker, declare:

1. I am an attorney at law duly licensed to appear in this Court and am a named partner with Keegan Macaluso & Baker, LLP, attorneys for Juan Mendoza, Agustin Fernandez, Rafael Cervantes, Kevin Hernandez and the putative class members in this matter. I make this declaration in support of the Joint Motion for Approval of the Settlement and Stay of Class Claims Pending Resolution of the State Court Action.

2. There are two pending actions seeking class certification, economic damages and injunctive relief on behalf of a putative class of Pumper Drivers employed by Defendants - this case (hereinafter known as "*Mendoza*") and San Diego Superior Court Case No. 37-2007-00051019-CU-OE-NC entitled *Kevin Hernandez and Raphael Cervantes v. Diamond Environmental Services, LLC*

(hereinafter known as *"Hernandez"*).  Both *Mendoza* and *Hernandez* arise from the same general set of facts and circumstances and affect the same putative class.

3. This *Mendoza* matter was filed on December 11, 2006 in San Diego Superior Court. Defendants removed *Mendoza* to federal court on January 9, 2007, based upon Plaintiffs' claims that Defendants violated the Fair Labor Standards Act ("FLSA").  On March 1, 2007, Plaintiffs filed a motion for leave to amend the complaint to eliminate any FLSA claims and a simultaneous motion to remand *Mendoza* to San Diego Superior Court.  Defendants only contested the motion to remand. These motions are still pending. The *Mendoza* class is defined as: "all persons who were employed as a "Pumper Driver" at any Diamond work site in the State of California (the "Class") during the period commencing from December 11, 2002 up until the date of trial (the "Class Period")."

4. On February 10, 2007, Plaintiffs Kevin Hernandez and Raphael Cervantes filed the *Hernandez* action in San Diego Superior Court, alleging the exact same claims as *Mendoza*, but eliminating any FLSA claims.  The *Hernandez* class is defined as: "all persons who were employed as a "Pumper Driver" at any Diamond work site in the State of California (the "Class") during the period commencing from February 10, 2003 up until the date of trial (the "Class Period").

5. Since the commencement of the litigation, class counsel and defense counsel have worked diligently and cooperatively to analyze this case at an early time through significant informal discovery and informal fact finding to investigate the factual and legal strengths and weaknesses of this case, have reviewed and evaluated relevant documents, meet with their respective clients and have engaged in extensive legal research and analysis regarding the Parties' respective positions on the issues raised by the Complaint.

6. On June 27, 2007, the parties and their attorneys participated in a private mediation before Michael J. Roberts, Esq. of ADR Services, Inc. for both the *Mendoza* and the *Hernandez* matters. Attorney Roberts is an experienced, highly regarded mediator in San Diego County. Despite mediation efforts covering more than ten hours that day, the parties did not settle the case that day, but continued settlement negotiations and discussions thereafter.  Since then, the parties have reached an agreement within the same framework proposed by Mediator Roberts, with respect to all

**Declaration of Jason E. Baker Supporting Motion For Settlement Approval And Stay of Class Claims**

1 core settlement terms of both the *Mendoza* and *Hernandez* matters.

2     7.    Attached hereto as Exhibit "A" is a true and correct copy of the settlement agreement reached in the *Mendoza* matter. Attached hereto as Exhibit "B" is a true and correct copy of the settlement agreement reached in the *Hernandez* matter.

    8.    The combined total value of the settlement of both *Mendoza* and *Hernandez* (if approved) is approximately $515,000, inclusive of all payments to class members, attorneys fees, costs, and settlement administration, if all class members submit a valid and timely Proof of Claim form. Additionally, I am informed and believe the putative class members have received a benefit of approximately $350,000 from a separate settlement of wage and hour claims through the United States Department of Labor in or around December, 2006.

    9.    Under the terms of the parties' settlement agreement in *Mendoza* (if approved), Plaintiffs Juan Mendoza and Agustin Fernandez will each dismiss with prejudice their individual claims in this action and each receive $30,000, allocated as $10,000 in full and final settlement of their wage and hour claims and confidentiality and waiver of all other claims, known or unknown; $10,000 for incentive award for their efforts as class representatives for the putative class of Pumper Drivers in the *Mendoza* matter and $10,000 for an agreement not to seek future employment from Defendants, or any affiliated company. Additionally, the class claims in *Mendoza* will be stayed pending resolution of those claims in state court as part of the *Hernandez* matter.

    10.    Importantly, to facilitate settlement and not prejudice the putative *Mendoza* class, the settlement agreement in the *Hernandez* action provides that the class period will begin on December 11, 2003, three years from the filing of the complaint in the earlier *Mendoza* case.

    11.    Based on my education, training and experience in representing plaintiffs in connection with wage and hour matters, and based on my analysis of the facts in this case, I believe this proposed settlement in *Mendoza* fairly compensates Plaintiffs Mendoza and Fernandez for their claimed damages and efforts in pursuing these matters on behalf of the putative class.

    12.    Each of Plaintiffs Mendoza and Fernandez made significant contributions and were instrumental to settlement of both the *Mendoza* and *Hernandez* matters. Each was willing to initially

**Declaration of Jason E. Baker Supporting Motion For Settlement Approval And Stay of Class Claims**

come forward and pursue a claim on behalf of the putative class(es). Similarly, each was willing to spend significant time with Plaintiff's counsel developing both cases, reviewing documents, interviewing witnesses and putative class members, including providing translation when necessary. Plaintiffs *Mendoza* and *Fernandez* each participated in the mediation session, including preparation therefor, including travel time and missed time from work. Plaintiff *Mendoza* was present at and Plaintiff *Fernandez* was available by telephone for the Early Neutral Evaluation Conference with Honorable Judge Louisa S. Porter. Without their contributions, neither settlement would likely have come to fruition.

13. Based on my education, training and experience in representing plaintiffs in connection with wage and hour matters, and based on my analysis of the facts in this case, I believe this proposed settlement in *Mendoza* is fair and will not prejudice the putative class in either *Mendoza* or *Hernandez* because the parties have already reached a settlement of the *Hernandez* matter which, if approved, will include all putative class members of *Mendoza* and encompass *Mendoza's* earlier class period. If the *Hernandez* settlement is rejected, the class members will still have their day in court.

14. I believe this proposed settlement in *Mendoza* is fair in that both settlements were reached through arm's-length bargaining between Plaintiffs and Defendants, who were all present at the mediation session with Mediator Roberts, and had necessary translation services available.

15. I believe this proposed settlement in Mendoza is fair in that both settlements were reached after appropriate investigation and informal discovery by counsel, after Plaintiffs and Defendants exchanged and reviewed extensive documents on the claims and defenses and confirmed through investigation efforts by the United States Department of Labor.

I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct. Executed this 27th day of August, 2007 at San Diego, CA.

By: s/Jason E. Baker
Jason E. Baker, Esq.

**Declaration of Jason E. Baker Supporting Motion For Settlement Approval And Stay of Class Claims**