## LITIGATION SETTLEMENT AGREEMENT
## AND RELEASE OF ALL CLAIMS

This Settlement Agreement and Release of All Claims ("Agreement") is made and entered into by and between JUAN MENDOZA (hereinafter sometimes referred to as "MENDOZA") and AGUSTIN FERNANDEZ (hereinafter sometimes referred to as "FERNANDEZ") on the one hand (with both MENDOZA and FERNANDEZ sometimes hereinafter jointly referred to as "Plaintiffs"), and DIAMOND ENVIRONMENTAL SERVICES, LLC and ERIC DE JONG, on the other hand (hereinafter jointly referred to as the "Company").

## W I T N E S S E T H:

WHEREAS, both MENDOZA and FERNANDEZ are now former employees of the Company; and

WHEREAS, the Company claims that at all times it treated both Plaintiffs lawfully; and

WHEREAS, Plaintiffs claim that during the course of their employment they each sustained financial loss and other damages, including without limitation lost compensation in the form of unpaid overtime, missed meal and rest periods and entitlement to penalties, interest and attorneys fees; and

WHEREAS, MENDOZA and FERNANDEZ have pending against the Company an action, including class action allegations, in the United States District Court, Southern District of California, known as Mendoza, et al. v. Diamond Environmental Services, LLC, et al., designated Case No. 07-CV-0056-BTM (POR); however, no class has ever been certified in this action; and

WHEREAS, the same class action allegations of Plaintiffs have been raised in San Diego North County Superior Court Case No. 37-2007-00051019-CU-OE-NC, entitled Hernandez, et al. v. Diamond Environmental Services, LLC, et al., which is the subject of a separate agreement, involving the Company including a settlement of the claims of the class of persons identified in the federal court action; and

WHEREAS, Plaintiffs and the Company desire to settle fully and finally all differences between them, including, but in no way limited to, those differences described above; and

WHEREAS, the proposed settlement of the San Diego North County Superior Court matter includes a Claims Period beginning December 11, 2003, as a direct result of Plaintiffs earlier commencement of their litigation; and

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, and to avoid unnecessary litigation, it is hereby agreed by and between the parties as follows:

FIRST:   This Agreement and compliance with this Agreement shall not be construed as an admission by the Company of any liability whatsoever, or as an admission by the Company of any violation of the rights of MENDOZA, FERNANDEZ or any person, violation of any order, law, statute, duty, regulation or contract whatsoever against MENDOZA, FERNANDEZ or any person. The Company specifically disclaims any liability to MENDOZA, FERNANDEZ or any other person for any alleged violation of the rights of MENDOZA, FERNANDEZ or any person, or for any alleged violation of any order, law, statute, duty,

regulation or contract on the part of the Company, its employees or agents or related companies or their employees or agents.

SECOND: (a) MENDOZA and FERNANDEZ, through their attorneys of record, shall file a stipulation and/or motion requesting dismissal with prejudice of Case No. 07-CV-0056-BTM (POR) as to all claims and causes of action relating to MENDOZA and FERNANDEZ and take all steps appropriate and necessary to obtain the approval of the United States District Court for this settlement. As to the class allegations, pending approval of the state court the parties will request those allegations be stayed. Upon state court approval of the settlement, these allegations are to be dismissed.

(b) Within ten (10) business days after counsel for Plaintiffs delivers to counsel for the Company a fully signed original of this Agreement and a file-stamped Stipulation and Order Dismissing Action, the Company will cause to be delivered to counsel for Plaintiffs, Jason E. Baker, Esq. and Brent Jex, Esq., two checks to MENDOZA and two checks to FERNANDEZ in full and complete settlement of all claims made against the Company in this litigation. These checks are described in subparagraphs SECOND(c) and (d), *infra*.

(c) The first check to MENDOZA shall be payable to MENDOZA in the gross amount of Ten Thousand and No/100 Dollars ($10,000.00) minus all appropriate withholdings and deductions for sums which are paid in lieu of lost compensation, including unpaid overtime. This check represents the settlement of MENDOZA's claims against the Company for unpaid compensation including overtime, missed meal and rest periods, and for unlawful/unfair business practices, incorrect wage statements, penalties and interest claimed in the above-referenced litigation. The parties have agreed that this amount shall constitute a full and complete settlement of this aspect of MENDOZA's claims.

The first check to FERNANDEZ shall be payable to FERNANDEZ in the gross amount of Ten Thousand and No/100 Dollars ($10,000.00) minus all appropriate withholdings and deductions for sums which are paid in lieu of lost compensation, including unpaid overtime and claims of Labor Code Penalties. This check represents the settlement of FERNANDEZ's claims against the Company for unpaid compensation including overtime, missed meal and rest periods, and for unlawful/unfair business practices, incorrect wage statements, penalties and interest claimed in the above-referenced litigation. The parties have agreed that this amount shall constitute a full and complete settlement of this aspect of FERNANDEZ's claims.

(d) The second check to be paid to MENDOZA is in the total amount of Twenty Thousand and No/100 Dollars ($20,000.00). This amount shall not be subject to any withholding or deduction and is for the following: Ten Thousand and No/100 Dollars ($10,000.00) is in full and complete settlement for MENDOZA's claimed status as a class representative and all other non-compensatory damages and claims, and for the rights and benefits waived and released herein; the remaining Ten Thousand and No/100 Dollars ($10,000.00) is for the specific waiver and relinquishment of re-employment rights.

The second check to be paid to FERNANDEZ is in the total amount of Twenty Thousand and No/100 Dollars ($20,000.00). This amount shall not be subject to any withholding or deduction and is for the following: Ten Thousand and No/100 Dollars ($10,000.00) is in full and complete settlement for FERNANDEZ's claimed status as a class representative and all other non-compensatory damages and claims, and for the rights and benefits waived and released herein; the remaining Ten Thousand and No/100 Dollars ($10,000.00) is for the specific waiver and relinquishment of re-employment rights.

(e) Plaintiffs agree that the foregoing payments shall constitute the entire amount of monetary consideration provided to each of them under this Agreement and that each will not seek any further compensation for any other claimed compensation, wage, benefit, penalty, damage, costs, or attorneys' fees in connection with the matters encompassed in this Agreement. Plaintiffs, however, each retain his right to enforce this Agreement in the event of a breach by the Company. In addition, each Plaintiff agrees that this Agreement serves to opt both MENDOZA and FERNANDEZ out of any participation in and/or resolution of, whether by settlement, judgment or otherwise, the San Diego North County Superior Court action entitled Hernandez, et al. v. Diamond Environmental Services, et al., LLC, and any other action raising claims released in this Agreement or similar claims. Plaintiffs each agree that as a result of this Agreement each Plaintiff is not eligible to claim any further right or entitlement to any money or other financial or equitable benefit in any capacity as against the Company.

(f) Plaintiffs acknowledge and agree that the Company has made no representations to either of them, or their attorneys, or to anyone regarding the tax consequences of any amounts received by either plaintiff pursuant to this Agreement. MENDOZA and FERNANDEZ each agree to pay federal or state taxes, if any, which are required by law to be paid with respect to this settlement. MENDOZA and FERNANDEZ each further agree to indemnify and hold the Company harmless from any claims, demands, deficiencies, levies, assessments, executions, judgments or recoveries by any governmental entity against the Company for any amounts claimed due on account of this Agreement or pursuant to claims made under any federal or state tax laws, and any costs, expenses or damages sustained by the Company by reason of any such claims, including any amounts paid by the Company as taxes, attorneys' fees, deficiencies, levies, assessments, fines, penalties, interest or

otherwise, due on account of MENDOZA and/or FERNANDEZ not properly paying those taxes due on said sums.

    (g) MENDOZA and FERNANDEZ each agree that he will not seek nor accept employment with the Company or any of its affiliated companies or businesses in the future and that the Company is entitled to reject without cause any application for employment with the Company made by Plaintiff or either of them.

  THIRD: MENDOZA and FERNANDEZ each represent that, with the exception of Case No. 07-CV-0056-BTM (POR), he has not filed any complaints, claims, or actions against the Company, its officers, agents, directors, supervisors, employees, or representatives with any state, federal, or local agency or court and that he will not do so at any time hereafter.

  FOURTH: MENDOZA and FERNANDEZ agree that he will keep the fact, terms, and amount of this Agreement completely confidential and that he will not hereafter disclose any information concerning this Agreement to anyone, provided that any party hereto may make such disclosures as are required by law and as are necessary for legitimate law enforcement or compliance purposes. Furthermore, the terms of this Agreement can be disclosed to the San Diego North County Superior Court in conjunction with the litigation and resolution of San Diego North County Superior Court Case No. 37-2007-00051019-CU-OE-NC.

  FIFTH: The parties hereto hereby agree that upon dismissal of Case No. 07-CV-0056-BTM (POR) all rights under section 1542 of the Civil Code of the State of California are hereby waived by the parties. Section 1542 provides as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

SIXTH:   Notwithstanding the provisions of section 1542 of the Civil Code of the State of California, MENDOZA and FERNANDEZ each hereby irrevocably and unconditionally release and forever discharge the Company and each and all of its officers, agents, directors, supervisors, employees, representatives, and their successors and assigns and all persons acting by, through, under, or in concert with any of them from any and all charges, complaints, claims, and liabilities of any kind or nature whatsoever, known or unknown, suspected or unsuspected (hereinafter referred to as "claim" or "claims") which MENDOZA and/or FERNANDEZ at any time heretofore had or claimed to have or which MENDOZA and/or FERNANDEZ may have or claim to have regarding events that have occurred as of the date of this Agreement, including, without limitation, any and all claims related or in any manner incidental to MENDOZA's and/or FERNANDEZ's employment with the Company, work hours and/or schedule, meal and rest periods, unfair/unlawful business practices, the providing of wage statements, penalties provided by law, or the separation from employment with the Company.  It is expressly understood by Plaintiffs that among the various rights and claims being waived by them in this release are those arising under the Age Discrimination in Employment Act of 1967 (29 U.S.C. § 621, *et seq.*).

SEVENTH:   The parties understand the word "claims" to include all actions, claims, and grievances, whether actual or potential, known or unknown, and specifically but not exclusively all claims arising out of MENDOZA's employment with the Company and his separation.  All such claims (including related attorneys' fees, penalties and costs) are forever barred by this Agreement and without regard to whether those claims are based on any alleged breach of a duty arising in a statute, contract, or tort; any alleged unlawful act, including, without

limitation, age discrimination; any other claim or cause of action; and regardless of the forum in which it might be brought.

The parties understand the word "claims" to include all actions, claims, and grievances, whether actual or potential, known or unknown, and specifically but not exclusively all claims arising out of FERNANDEZ's employment with the Company and his separation. All such claims (including related attorneys' fees, penalties and costs) are forever barred by this Agreement and without regard to whether those claims are based on any alleged breach of a duty arising in a statute, contract, or tort; any alleged unlawful act, including, without limitation, age discrimination; any other claim or cause of action; and regardless of the forum in which it might be brought.

EIGHTH:   MENDOZA and FERNANDEZ each understand and agree that he:

(a)   Has had a reasonable time within which to consider this Agreement before executing it.

(b)   Has carefully read, or has had read to him, or has had translated to the Spanish language if necessary, and thus fully understands all of the provisions of this Agreement.

(c)   Is, through this Agreement, releasing the Company from any and all claims he may have against the Company.

(d)   Knowingly and voluntarily agrees to all of the terms set forth in this Agreement.

(e)   Knowingly and voluntarily intends to be legally bound by the same.

    (f) Was advised and hereby is advised in writing to consider the terms of this Agreement and consult with an attorney of his choice prior to executing this Agreement.

    (g) Understands that rights or claims under the Age Discrimination in Employment Act of 1967 (29 U.S.C. § 621, *et seq.*) that may arise after the date this Agreement is executed are not waived.

  NINTH: The parties hereto represent and acknowledge that in executing this Agreement they do not rely and have not relied upon any representation or statement made by any of the parties or by any of the parties' agents, attorneys, or representatives with regard to the subject matter, basis, or effect of this Agreement or otherwise, other than those specifically stated in this written Agreement.

  TENTH: This Agreement shall be binding upon the parties hereto and upon their heirs, administrators, representatives, executors, successors, and assigns, and shall inure to the benefit of said parties and each of them and to their heirs, administrators, representatives, executors, successors, and assigns. MENDOZA and FERNANDEZ each expressly warrant that he has not transferred to any person or entity any rights, causes of action, or claims released in this Agreement.

  ELEVENTH: Should any provision of this Agreement be declared or be determined by any court of competent jurisdiction to be wholly or partially illegal, invalid, or unenforceable, the legality, validity, and enforceability of the remaining parts, terms, or provisions shall not be affected thereby, and said illegal, unenforceable, or invalid part, term, or provision shall be deemed not to be a part of this Agreement.

TWELFTH:	This Agreement sets forth the entire agreement between the parties hereto and fully supersedes any and all prior agreements or understandings, written or oral, between the parties hereto pertaining to the subject matter hereof.

THIRTEENTH:	This Agreement shall be interpreted in accordance with the plain meaning of its terms and not strictly for or against any of the parties hereto.

**(Paragraph FOURTEENTH and signatures follow on page 11.)**

FOURTEENTH: It is further understood and agreed that if, at any time, a violation of any term of this Agreement is asserted by any party hereto, that party shall have the right to seek specific performance of that term and/or any other necessary and proper relief, including but not limited to damages, from any court of competent jurisdiction, and the prevailing party shall be entitled to recover its reasonable costs and attorneys' fees.

DATED: 8/30/2007

_____
JUAN MENDOZA, Plaintiff

DATED:_____

_____
AGUSTIN FERNANDEZ, Plaintiff

DATED:_____

_____
KEEGAN & BAKER, LLP
By JASON E. BAKER, ESQ.
Attorneys for Plaintiffs JUAN MENDOZA
and AGUSTIN FERNANDEZ

DATED:_____

_____
DIAMOND ENVIRONMENTAL
SERVICES, LLC, Defendant
By ERIC DE JONG, its President

DATED:_____

_____
ERIC DE JONG, Defendant

DATED:_____

_____
LITTLER MENDELSON, P.C.
by JOHN S. ADLER, ESQ.
Attorney for Defendants
DIAMOND ENVIRONMENTAL
SERVICES, LLC and ERIC DE JONG

    **FOURTEENTH**: It is further understood and agreed that if, at any time, a violation of any term of this Agreement is asserted by any party hereto, that party shall have the right to seek specific performance of that term and/or any other necessary and proper relief, including but not limited to damages, from any court of competent jurisdiction, and the prevailing party shall be entitled to recover its reasonable costs and attorneys' fees.

DATED:_____

    _____
    JUAN MENDOZA, Plaintiff

DATED: 8/29/07

    _____
    AGUSTIN FERNANDEZ, Plaintiff

DATED: 8/30/07

    _____
    KEEGAN & BAKER, LLP
    By JASON E. BAKER, ESQ.
    Attorneys for Plaintiffs JUAN MENDOZA
    and AGUSTIN FERNANDEZ

DATED:_____

    _____
    DIAMOND ENVIRONMENTAL
    SERVICES, LLC, Defendant
    By ERIC DE JONG, its President

DATED:_____

    _____
    ERIC DE JONG, Defendant

DATED:_____

    _____
    LITTLER MENDELSON, P.C.
    by JOHN S. ADLER, ESQ.
    Attorney for Defendants
    DIAMOND ENVIRONMENTAL
    SERVICES, LLC and ERIC DE JONG