1  JASON E. BAKER, Bar No. 197666
   PETER KARVELIS, Bar No. 216299
2  BRENT JEX, Bar No. 235251
   KEEGAN & BAKER, LLP
3  4370 La Jolla Village Drive, Suite 640
   San Diego, CA 92122
4  Telephone:    858.552.6750
   Facsimile:    858.552.6749
5
   Attorneys for Plaintiffs KEVIN HERNANDEZ
6  AND RAPHAEL CERVANTES, and Class
   Members
7
   JOHN S. ADLER, Bar No. 060398
8  LITTLER MENDELSON
   A Professional Corporation
9  501 W. Broadway, Suite 900
   San Diego, CA 92101.3577
10 Telephone:    619.232.0441
   Facsimile:    619.232.4302
11
   Attorneys for Defendants
12 DIAMOND ENVIRONMENTAL SERVICES, LLC
   AND ERIC DE JONG
13

14            SUPERIOR COURT OF THE STATE OF CALIFORNIA

15              COUNTY OF SAN DIEGO – NORTH COUNTY

16 KEVIN HERNANDEZ and RAPHAEL          Case No.  37-2007-00051019-CU-OE-NC
   CERVANTES, individually and on behalf
17 of all other persons similarly situated and   Assigned to:
   on behalf of the general public,            The Honorable Michael M. Anello
18                                             Dept. N-29
                 Plaintiffs,
19                                             **STIPULATION AND AGREEMENT**
          v.                                   **TO SETTLE CLASS ACTION**
20
   DIAMOND ENVIRONMENTAL                       Complaint Filed:  March 12, 2007
21 SERVICES, LLC, a California limited
   liability company; ERIC DE JONG, an
22 individual; and DOES 1 through 100,
   inclusive,
23
                 Defendants.
24

25            IT IS HEREBY STIPULATED AND AGREED, by and among the undersigned

26 parties, subject to the approval of the Court pursuant to Section 382 of the California Code of Civil

27 procedure and Rule 1859 of the California Rules of Court, that the settlement of this action shall be

28 effectuated upon and subject to the following terms and conditions.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101 3577
619 232 0441

Firmwide:82776787.1 053586.1002                          Case No.  37-2007-00051019-CU-OE-NC

STIPULATION AND AGREEMENT TO SETTLE CLASS ACTION

# I.   DEFINITIONS

## A.   Terms

Unless otherwise defined herein, when capitalized, the following terms used in this Agreement shall have the meanings ascribed to them as set forth below:

1.   "Agreement" or "Settlement Agreement" means this Stipulation and Agreement to Settle Class Action, including the Exhibits attached hereto.

2.   "DES" means the named defendant, Diamond Environmental Services, Inc., including its President and named individual defendant Eric de Jong, as well as any related entity, representative, or person described in Section V.B., Class Member Release.

3.   "Claim Form" means the written application entitled Claim Form that Class Members must timely complete and submit to the Settlement Administrator in order to receive any portion of the Settlement Amount.  Class Members who fail to timely return a completed Claim Form will not receive any portion of the Settlement Amount.  All Claim Forms must be postmarked to the Settlement Administrator as set forth in Section III.C.4.c of this Agreement entitled Submission of Claim Form.  Claim Forms shall be prepared in both Spanish and English.

3.   "Claim Period" means:  December 11, 2003, through May 7, 2006.

4.   "Class" or "Class Members" means the conditionally certified class defined herein by the parties:  All individuals who worked for DES as pumper drivers at any time from December 11, 2003, through May 7, 2006, who have not opted out of the Litigation or otherwise independently resolved their claims.

5.   "Class Counsel" means:  Jason E. Baker, Esq., Peter Karvelis, Esq. and Brent Jex, Esq. of Keegan & Baker, LLP, 4370 La Jolla Village Drive, Suite 640, San Diego, CA 92122.

6.   "Class Member Information" means:  a listing of all Class Members including his/her last known address; social security number; the total number of weeks worked during the Claim Period by him/her without regard for (i) periods of time worked during the Claim Period in a non-pumper driver capacity, if any, and (ii) time taken off during the Claim Period for vacation, sick days, leaves of absence, or for any other reason.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101 3577
619.232.0441

1    7.    "Complaint" means the Complaint filed by Plaintiffs Kevin Hernandez and

2    Raphael Cervantes in the Litigation on March 12, 2007.

3    8.    "Court" means the Superior Court for the County of San Diego, State of

4    California, North County Judicial District.

5    9.    "Defendant" means Diamond Environmental Services, Inc. and Eric de Jong,

6    as well as any related entity, representative, or person described in Section V.B., Class Member

7    Release.

8    10.    "Defense Counsel" means:  John S. Adler, Esq., of Littler Mendelson, P.C.,

9    501 W. Broadway, Suite 900, San Diego, CA 92101.

10    11.    "Dispute Letter" means written notice from a Class Member to the Settlement

11    Administrator contesting the information stated in the Claim Form about the Class Member and

12    describing all of the reasons therefore, along with any other documentation provided by the Class

13    Member. All Dispute Letters must be postmarked to the Settlement Administrator on or before the

14    date set forth in Section III.C.4.d of this Agreement, entitled Submission of Dispute Letter.

15    12.    "Effective Date" means the date the settlement becomes effective.  In the

16    event that no objections are made to the settlement, the Effective Date shall be the date of Final

17    Approval of the Settlement.  If an objection is filed which is not withdrawn and no appeal is filed,

18    the Effective Date shall be seventy (70) days after the date of Final Approval of the Settlement.  If an

19    appeal is filed, the Effective Date shall be when such appeal is dismissed, or the judgment is finally

20    affirmed and all further appeal rights are either waived and released or time barred, or in

21    conformance with further court order(s).

22    13.    [Intentionally left blank.]

23    14.    "Litigation" means the lawsuit filed on March 12, 2007, *Hernandez, et al. v.*

24    *Diamond Environmental Services, Inc., et al.*, and pending in the Superior Court of the County of

25    San Diego – North County, entitled Case No. 37-2007-00051019-CU-OE-NC.

26    15.    "Maximum Settlement Payout" means the amount of Four Hundred Forty

27    Thousand and No/100 Dollars ($440,000.00), which is the maximum sum to be paid out by

28    Defendant pursuant to this settlement, the only exception(s) being (1) the costs and expenses of the

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101 3577
619 232 0441

Firmwide:82776787.1 053586.1002                3.                Case No.  37-2007-00051019-CU-OE-NC

STIPULATION AND AGREEMENT TO SETTLE CLASS ACTION

1    Settlement Administration as set forth in detail herein; and (2) the employer's required payroll

2    employment taxes.

3          16.   "Parties" mean Defendant, Plaintiffs, and Class Members as defined in

4    subparts 4, 9 and 16 herein.

5          17.   "Plaintiffs" means Kevin Hernandez and Raphael Cervantes.

6          18.   "Settlement Administrator" means: CPT Group, Inc.

7          19.   "Settlement Amount" means the actual amount to be paid out, and will be

8    based on the number of Class Members who submit valid claim forms, and the Court's rulings on (a)

9    Class Counsel's fee request, and (b) Plaintiffs' incentive fee request. The cost of administration of

10   the settlement shall not be included as part of the Settlement Amount nor shall it be included as part

11   of the "Maximum Settlement Payout" herein. At no time shall the Settlement Amount herein stated

12   exceed the Maximum Settlement Payout.

13   **II.    FACTUAL BACKGROUND**

14        **A.    Plaintiffs' Allegations And Proceedings**

15        Plaintiffs Kevin Hernandez and Raphael Cervantes filed a lawsuit on behalf of all

16   current and former Pumper Drivers of DES who worked at DES from March 12, 2003 to the present.

17   Plaintiffs contend that DES misclassified the Pumper Drivers as salaried employees exempt from

18   certain California wage and hour laws, and that they should have been classified as non-exempt

19   employees, subject to those California wage and hour laws. Plaintiffs allege that the DES Pumper

20   Drivers are entitled to overtime wages for all hours worked in excess of 8 hours per day and/or

21   40 hours per week. Plaintiffs also allege that the DES Pumper Drivers were improperly denied meal

22   and/or rest periods. Plaintiffs also allege that the DES Pumper Drivers were not provided with

23   proper wage statements. Plaintiffs also allege entitlement to Labor Code section 203 penalties,

24   interest, attorneys fees, restitution for unlawful business practices under California Business &

25   Professions Code section 17200 et seq., and other related matters.

26        Defendant denies Plaintiffs' allegations, denies any wrongdoing or legal liability for

27   overtime wages, missed meal and/or rest periods, improper wage statements, penalties, and any other

28   matter, and denies that any employee, including Pumper Drivers and specifically including Plaintiffs

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W Broadway
Suite 900
San Diego, CA 92101-3577
619 232 0441

Firmwide:82776787.1 053586.1002                    4.                    Case No. 37-2007-00051019-CU-OE-NC

STIPULATION AND AGREEMENT TO SETTLE CLASS ACTION

1    were improperly or illegally treated in any respect. DES also denies that any employee, including

2    Pumper Drivers and specifically including Plaintiffs have incurred any damages. Defendant further

3    denies that this matter is appropriate for class action adjudication on various grounds including the

4    lack of commonality or typicality of claims and that individual claims predominate.

5              No class has been certified in the case.

6              Since the commencement of the litigation, Class Counsel and Defense Counsel have

7    worked cooperatively to analyze this case at an early time through significant informal discovery and

8    informal fact finding to investigate the factual and legal strengths and weaknesses of this case, have

9    reviewed and evaluated relevant documents, and have engaged in extensive legal research and

10   analysis regarding the Parties' respective positions on the issues raised by the Complaint. An

11   extensive number of witnesses were interviewed by Class Counsel and by the Department of Labor

12   during its related investigation of Defendant and these witness statements provided substantial

13   factual support for the settlement position of the parties herein.

14             **B.     Settlement Negotiations**

15             On June 27, 2007, the Parties participated in a private mediation before Michael J.

16   Roberts, Esq. of ADR Services, Inc. Attorney Roberts is an experienced, highly-regarded mediator

17   in San Diego County. Despite mediation efforts covering more than ten (10) hours that day, the

18   Parties did not settle the case that day, but continued settlement negotiations and discussions

19   thereafter. Since then, the Parties have reached an agreement with respect to all core settlement

20   terms and have reached this Stipulation.

21             Plaintiffs and Class Counsel have concluded, after taking into account disputed

22   factual and legal issues involved in this litigation, the risks attending further prosecution, and the

23   substantial benefits received and to be received pursuant to the compromise and settlement of the

24   litigation, that settlement on the terms hereinafter set forth is in the best interest of Plaintiffs and the

25   Class. Defendant and Defense Counsel have concluded, after taking into account the disputed

26   factual and legal issues involved in the litigation, the risks attending further defense, the substantial

27   expense and burden of protracted litigation, and their desire to put the controversy to rest, that

28   settlement on the terms hereinafter set forth is in the best interest of Defendant.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619 232 0441

Firmwide:82776787.1 053586.1002                    5.                    Case No. 37-2007-00051019-CU-OE-NC

STIPULATION AND AGREEMENT TO SETTLE CLASS ACTION

1    This Settlement was agreed to after lengthy arms-length negotiations by the Parties.

2    As more particularly set out in the Settlement Agreement, this Settlement contemplates:   (1) the

3    entry of an Order of Final Approval and Good Faith Determination of Settlement granting relief to

4    Class Members as set forth in this Agreement; (2) the entry of Judgment and Dismissal of the

5    Complaint and the litigation with prejudice as to all Defendants; and (3) the discharge of all

6    Defendants' liability for any claims raised in the litigation.

7    **III.    APPROVAL AND IMPLEMENTATION OF THE SETTLEMENT**

8    The Parties and their respective counsel shall take all steps that may be requested by

9    the Court relating to the approval and implementation of this Settlement and shall otherwise use their

10   respective best efforts to obtain Court approval and implement this Settlement.   The process for

11   obtaining Court approval of and implementing this Settlement shall be as follows:

12   **A.    Preliminary Approval By The Court**

13   Promptly after the execution of this Settlement, Class Counsel and Defense Counsel

14   shall jointly submit to the Court a Motion for Preliminary Approval of Proposed Settlement,

15   Temporary and Conditional Certification of Class for Settlement Purposes, and Setting Hearing on

16   Proposed Settlement, and Memorandum of Points and Authorities In Support Thereof, and a

17   Stipulation and [Proposed] Order In Support Thereof.   The Court's preliminary approval of this

18   Settlement shall be embodied in the Order of Preliminary Approval of Proposed Settlement,

19   Temporary and Conditional Certification of Class for Settlement Purposes, and Setting Hearing on

20   Proposed Settlement, in the form attached hereto as Exhibit C ("Order of Preliminary Approval"),

21   which shall be served by Class Counsel on Defendant.

22   **B.    Conditional Certification Of The Class**

23   No class has been certified in the Litigation.   Based upon discovery conducted in the

24   Litigation and the negotiations and investigation described above, the Parties have agreed to

25   conditionally certify for settlement purposes only the Class to be comprised of:

26       All individuals who worked for Defendant as a Pumper Driver at any
         time from December 11, 2003, through May 7, 2006, who have not
27       opted out of the Litigation or otherwise independently resolved their
         claims.  The Class shall not include those persons who did not actually
28       work one day or more during the Class Period as a Pumper Driver.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA  92101 3577
619 232 0441

Firmwide:82776787.1 053586.1002                    6.                    Case No.  37-2007-00051019-CU-OE-NC

STIPULATION AND AGREEMENT TO SETTLE CLASS ACTION

1    The stipulation to certify the Class is contingent upon final approval of this Agreement by the Court

2    and is made for settlement purposes only.  If the Settlement is not approved and does not become

3    final, for whatever reason, the Parties shall stipulate to decertification of the Class without prejudice

4    to the propriety of class certification being adjudicated on the merits, and all documents, motions

5    and declarations submitted with respect to this Agreement shall have no force or effect and shall be

6    inadmissible in any further proceeding in this case.

7          **C.**     **Notice To Class Members**

8          The Settlement Administrator shall disseminate the Notice Of Order Certifying Class

9    and Pendency Of Settlement Of Class Action And Approval Process – Claim Form Attached (the

10   "Class Notice" and the "Claim Form"), which the parties will ask the Court to approve in the form

11   attached hereto as Exhibit A (Class Notice) and Exhibit B (Claim Form), by giving notice by first-

12   class United States mail as described in this Section.

13         **1.**     **Listing Of Class Members**

14         Within fifteen (15) days of the signing of the Order of Preliminary Approval

15   (Exhibit C), Defendant will prepare and provide to the Settlement Administrator the Class Member

16   Information.  Defendant will certify that all of the information set forth in said listing is complete

17   and accurate to the best of its knowledge and information.  Defendant shall also provide to Class

18   Counsel this Class Member Information with each member identified only by his/her initials and the

19   last four numbers of his/her social security number.

20         **2.**     **Notice By Mail**

21         Class Notice shall be provided to Class Members in the following manner:  within

22   twenty (20) days of receipt of the Class Member Information, as provided by Paragraph III.C.1.

23   above, the Settlement Administrator shall mail the Class Notice to the last known address of every

24   respective Class Member by first-class United States mail, postage prepaid.  The date of this initial

25   mailing of the Class Notice shall be referred to herein as the Original Mailing Date. In the event the

26   Class Notice is returned as undeliverable by the Post Office, the Settlement Administrator shall

27   perform an address search and if a more recent address is discovered, shall remail the Class Notices.

28   In no such event shall additional time be allowed for a response by the Class Member.  Compliance

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619 232 0441

Firmwide:82776787.1 053586.1002       7.       Case No. 37-2007-00051019-CU-OE-NC

STIPULATION AND AGREEMENT TO SETTLE CLASS ACTION

with the procedures described in this Section III.C.2 shall constitute due and sufficient notice to Class Members of the pendency of the Litigation, this Settlement, and the Final Fairness and Approval Hearing, and shall satisfy the requirement of due process.

### 3.    Declaration Of Compliance

The Settlement Administrator shall perform the duties and services set forth in Section III.E.2.

Within fifty (50) days of receipt of the Class Member Information, the Settlement Administrator shall provide Counsel for the Parties with a declaration attesting to completion of the notice process, including the duties and services set forth in Sections III.C.2 and III.E.2(a-d). For privacy reasons, the declaration shall not include the addresses or other identifying information of the Class Members. Class Counsel shall file the declaration with the Court within five (5) days after receipt of the declaration. At no time shall any Class Member's address or social security number be filed with the court.

### 4.    Responses To The Notice

#### a.    Objections To The Settlement

Any Class Member wishing to object to the approval of this Settlement shall inform the Court and Counsel for the Parties in writing of his or her intent to object by following the procedure set forth in the Class Notice such that the objection is timely filed with the Court and mailed to Class Counsel and Defense Counsel no later than forty-five (45) days following the Original Mailing Date of the Class Notice. Any Class Member who fails to file such a written statement of his or her intention to object shall be foreclosed from making any objection to this Settlement.

#### b.    Opting Out Of The Class

Any Class Member who elects not to participate as a Class Member shall make that election by following the procedure set forth in the Class Notice such that the written request for exclusion is postmarked no later than forty-five (45) days following the Original Mailing Date of the Class Notice. Any Class Member who fails to opt out of the Class in compliance with the procedure set forth in the Class Notice shall automatically be deemed a Class participant whose rights and

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA  92101-3577
619.232.0441

Firmwide:82776787.1 053586.1002              8.              Case No. 37-2007-00051019-CU-OE-NC

STIPULATION AND AGREEMENT TO SETTLE CLASS ACTION

claims with respect to the issues raised in the Complaint are determined by the Court's order and rulings in the Litigation.

### c. Submission of Claim Form

All Claim Forms must be postmarked and mailed to the Settlement Administrator no later than forty-five (45) days following the Original Mailing Date of the Class Notice.  If a timely submitted Claim Form is deficient in any aspect, the Settlement Administrator shall send the claimant one (1) letter advising of the deficiency and allowing for fifteen (15) days to correct the deficiency or until forty-five (45) days following the Original Mailing Date of the Class Notice, whichever is later.

### d. Submission of Dispute Letter

Any Class Member who wishes to dispute the information used to determine the Class Member's eligibility to receive any portion of the Settlement Amount, or the information used to calculate the number of workweeks or amount of that Class Member's portion of the Settlement Amount, must do so not later than forty-five (45) days following the Original Mailing Date of the Class Notice, by mailing a Dispute Letter to the Settlement Administrator.   The Settlement Administrator shall notify and confer with Class Counsel and Defense Counsel about the dispute and shall provide any relevant information in its possession which may assist in a resolution, after which the Settlement Administrator, in its sole discretion, shall decide the issue of the dispute.

### D. Fairness And Approval Hearing

On or about ninety (90) days following the Original Mailing Date of the Class Notice, or as otherwise set by the Court, a Final Fairness and Approval Hearing shall be held before the Court in order to:  (1) review this Settlement and determine whether the Court should give final approval to this Settlement and Class Counsel's Motion for Approval of Attorneys' Fees and Costs Allocation; and (2) to consider any timely objections made pursuant to Section III.C.4 and all responses to objection by the Parties.  At the Final Fairness and Approval Hearing, the Parties shall ask the Court to give final approval of this Settlement.

**E.     Settlement Payment Procedures**

**1.     General Description Of Settlement**

This Litigation shall be settled and resolved for a Maximum Settlement Payout of Four Hundred Forty Thousand and No/100 Dollars ($440,000.00).   The Maximum Settlement Payout shall be all inclusive of, and shall apply to cover, all relief to be paid to settlement Class Members, all amounts paid to Plaintiffs' counsel for attorneys' fees, expert fees, costs and any other expense, any enhancement or incentive payment for Plaintiff Hernandez and/or Plaintiff Cervantes, and any and all other fees and costs associated with this class settlement (except for the fees and costs of the Settlement Administrator and the employer's share of applicable payroll taxes, if any). The actual amount to be paid out, the Settlement Amount, will be based on the number of claims made but in no case will it exceed the Maximum Settlement Payout less Court-approved attorneys fees and Court-approved incentive payment(s).   No settlement fund shall be created in connection with the resolution of this case.   Any and all costs of administering the class settlement, including notifying the class of the settlement and claims administration, shall not be included in this Settlement Amount and shall be borne by Defendant.

**2.     Administrative Services And Costs**

The Settlement Administrator will be retained to provide the following administrative services:

(a)   Establishing a computerized database of the Class Member Information, to be provided by Defendant to the Settlement Administrator in electronic form.   Prior to mailing the notices, the Settlement Administrator may verify the last known addresses for each known Class Member through a national change of address system (compiled by and available from the U.S. Postal Service).

(b)   Printing and mailing the Class Notice, including the Claim Form, to each Class Member.

(c)   Establishing and maintaining a toll free English and Spanish speaking informational telephone support line to assist Class Members who have questions regarding the Class Notice or the Claim Form.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619 232 0441

Firmwide:82776787.1 053586.1002          10.          Case No.  37-2007-00051019-CU-OE-NC

STIPULATION AND AGREEMENT TO SETTLE CLASS ACTION

1       (d)   Conducting additional address searches for mailed Class Notices returned as

2  undeliverable.  These searches may be done through a class action locator service using the Class

3  Member's social security number.  To the extent new and more current addresses are found, the

4  Settlement Administrator will also reprint and remail Class Notices accordingly.

5       (e)   Receiving, calculating, and processing claims from Class Members, including

6  the duties set forth in Section III.E.7 and, if applicable, Section III.E.6.  This service will include

7  claim amount calculations, printing and issuance of checks and preparation of W-2 and/or 1099

8  Forms.  Basic accounting for and payment of employee tax withholdings will also be included as

9  part of this service.

10      The total cost of administering the Settlement is estimated to be $15,000.00.  The cost

11  of the Settlement Administrator shall be paid directly by Defendant and is not part of the Maximum

12  Settlement Payout.

13        **3.**    **Attorneys' Fees And Court Costs**

14      The total value of the settlement is $515,000.00, inclusive of all payments to Class

15  Members, attorneys fees, costs, and settlement administration, if all Class Members submit a valid

16  and timely Proof of Claim form.    Additionally, Class Members have received a benefit of

17  approximately $350,000.00 from settlement of claims handled by the United States Department of

18  Labor in or around December, 2006.

19      Class Counsel will apply to the Court for an order awarding attorneys' fees and costs

20  incurred to prosecute the action to be paid from the Maximum Settlement Payout in an amount not to

21  exceed One Hundred Fifty-Eight Thousand Dollars ($158,000.00) (31% of the total settlement

22  value) and reimbursement of actual costs incurred, to be paid from the Maximum Settlement Payout

23  not to exceed Ten Thousand Dollars ($10,000,00).  So long as Class Counsel does not seek more

24  than these stated sums, and does not present any information to the court that is reasonably believed

25  to misrepresent the facts and occurrences in this matter, Defendant has agreed not to oppose said

26  motion for fees and costs.  As a condition of this Settlement, Class Counsel have agreed to seek their

27  fees only in the manner prescribed by this Agreement.   Within the above-stated total settlement

28  value is included the sum of Sixty Thousand Dollars ($60,000.00) which was paid to achieve the full

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619 232 0441

Firmwide:82776787.1 053586.1002        11.        Case No. 37-2007-00051019-CU-OE-NC

STIPULATION AND AGREEMENT TO SETTLE CLASS ACTION

1    and complete settlement of the United States District Court, Southern District of California case

2    entitled Mendoza, et al. v. Diamond Environmental Services, LLC, et al., Case No. 07-CV-0056-

3    BTM (POR), which prior to removal to federal court on January 9, 2007, was designated San Diego

4    North County Superior Court Case No. GIN 057664. Also included within the above-stated total

5    settlement value is the estimated cost of administering the Settlement ($15,000.00).

6         Attorneys' fees and costs to Class Counsel are permitted under California Labor Code

7    section 1194, et seq., and possibly other California laws. The amounts requested will be and are

8    intended to cover all work performed by Class Counsel to date and all work to be performed in

9    connection with the approval by the court of this Agreement and the final conclusion of this action.

10        Within thirty (30) days of the Effective Date, Defendant shall tender payment of the

11   court-ordered fees and costs to Class Counsel.

12        Should the Court award fees and costs in an amount less than One Hundred Fifty-

13   Eight Thousand Dollars ($158,000.00), and/or costs in an amount less than Ten Thousand Dollars

14   ($10,000.00) the difference between said maximum sums and the amounts actually awarded by the

15   Court shall remain part of the Maximum Settlement Payout and shall serve to enhance the financial

16   distribution to Class Members.

17        Recovery of fees and costs is not a condition to this Agreement, and is to be

18   considered by the Court separately from the fairness, reasonableness, adequacy, and good faith of

19   the Settlement. Any order or proceedings relating to the application by Class Counsel of an award of

20   attorneys' fees and costs, or any appeal from any order relating thereto or reversal or modification

21   thereof, shall not operate to terminate or cancel the Agreement, or affect or delay the finality of the

22   Dismissal, Judgment, and Order of Final Approval of the Settlement, as set forth herein.

23        **4.   Settlement Sum Payable To Named Plaintiffs**

24        In lieu of any and all other monies and benefits under the terms of the settlement,

25   within thirty (30) days of the Effective Date, Defendant shall provide to Class Counsel payment for

26   Plaintiff Kevin Hernandez in the gross amount of Twenty Thousand Dollars ($20,000.00) from the

27   Maximum Settlement Payout. Should the Court reduce the amount of the payment to Plaintiff

28   Hernandez, this shall not operate to terminate or cancel the Agreement, or affect or delay the finality

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619.232.0441

Firmwide:82776787.1 053586.1002     12.     Case No. 37-2007-00051019-CU-OE-NC

STIPULATION AND AGREEMENT TO SETTLE CLASS ACTION

1  of the Dismissal, Judgment, and Order of Final Approval of the Settlement.  Should the Court reduce

2  the amount of payment provided to this named Plaintiff and Class Representative, the difference

3  between the amount stated herein and the amount awarded shall remain part of the Maximum

4  Settlement Payout and shall serve to enhance the financial distribution to Class Members.

5          In consideration of this separate payment, Plaintiff Kevin Hernandez agrees to release

6  any and all claims, known and unknown, against all Defendants.  In addition, Kevin Hernandez agrees

7  not to apply for or accept employment with Defendant at any time in the future.  Of this total amount,

8  Ten Thousand Dollars ($10,000) shall be allocated to the payment of unpaid wages and shall be subject

9  to applicable taxes and withholdings.  The remaining amount shall be allocated to penalties, interest, and

10  consideration for Kevin Hernandez's participation in this case as a Plaintiff and for his global release of

11  claims and agreement not to apply or accept employment with Defendant in the future.

12          In lieu of any and all other monies and benefits under the terms of the settlement,

13  within thirty (30) days of the Effective Date, Defendant shall provide to Class Counsel payment for

14  Plaintiff Raphael Cervantes in the gross amount of Twenty Thousand Dollars ($20,000.00) from the

15  Maximum Settlement Payout.  Should the Court reduce the amount of the payment to Plaintiff

16  Cervantes, this shall not operate to terminate or cancel the Agreement, or affect or delay the finality

17  of the Dismissal, Judgment, and Order of Final Approval of the Settlement.  Should the Court reduce

18  the amount of payment provided to this named Plaintiff and Class Representative, the difference

19  between the amount stated herein and the amount awarded shall remain part of the Maximum

20  Settlement Payout and shall serve to enhance the financial distribution to Class Members.

21          In consideration of this separate payment, Plaintiff Raphael Cervantes agrees to

22  release any and all claims, known and unknown, against all Defendants.  In addition, Raphael

23  Cervantes agrees not to apply for or accept employment with Defendant at any time in the future. Of

24  this total amount, Ten Thousand Dollars ($10,000) shall be allocated to the payment of unpaid

25  wages and shall be subject to applicable taxes and withholdings.  The remaining amount shall be

26  allocated to penalties, interest, and consideration for Raphael Cervantes' participation in this case as

27  a Plaintiff and for his global release of claims and agreement not to apply or accept employment

28  with Defendant in the future.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619 232 0441

Firmwide:82776787.1 053586.1002          13.          Case No.  37-2007-00051019-CU-OE-NC

STIPULATION AND AGREEMENT TO SETTLE CLASS ACTION

1      ## 5.    Settlement Amounts Payable To Class Members

2      This remainder of the Maximum Settlement Payout (after payment of Class Counsel's

3      court-approved fees and costs, and the court-approved settlement sums to the named Plaintiffs) is

4      currently estimated to be approximately Two Hundred Forty-Two Thousand Dollars ($242,000.00).

5      This sum will be divided as follows:   (a) for each qualifying workweek between the period

6      December 11, 2003 and May 7, 2004, the Class Member shall be awarded two (2) compensation

7      units; and (b) for each qualifying workweek between the period May 7, 2004 and May 7, 2006, the

8      Class Member shall be awarded one (1) compensation unit.    The basis for this distinction is

9      explained at Section III.F., *infra*. The remainder of the Maximum Settlement Payout will be divided

10     by the total number of compensation units to determine a dollar value for each compensation unit,

11     from which each Class Member will receive the sum of the unit dollar value times the number of

12     compensation units.

13     Qualifying workweeks are determined by identifying the total number of two-week

14     pay periods worked by each Class Member during the Claim Period and dividing by two.  The Class

15     Member must have worked or been paid for at least one day during a week for the week to be

16     included.  Each Class Member's pro rata distribution from the Maximum Settlement Payout will be

17     determined by multiplying the Weekly Payout by the total number of qualifying weeks he or she

18     worked in a qualified position during the Claim Period.

19     Any Class Member whose qualifying workweeks do not exceed two (2) weeks will

20     receive no payment.   This exclusion of *de minimis* claims is based on the cost of processing

21     individual claims and estimated overtime hours actually worked by Class Members with such

22     limited tenure.

23     Promptly following the period for submitting a Claim Form the Settlement

24     Administrator will determine the amount to be distributed to each individual Class Member, other

25     than those with *de minimis* claims.

26     All payments to individual Class Members shall be allocated as follows: fifty percent

27     (50%) of each such payment shall be allocated to the payment of unpaid wages and fifty percent

28     (50%) of each such payment shall be allocated to the payment of claimed penalties and interest.  Any

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619.232.0441

Firmwide:82776787.1 053586.1002                14.                Case No. 37-2007-00051019-CU-OE-NC

STIPULATION AND AGREEMENT TO SETTLE CLASS ACTION

1    amounts estimated to be owed by individual Class Members as employees to federal or state taxing
2    authorities arising from distribution of the Settlement Amount allocated to unpaid wages, including
3    any amounts owed for employee income taxes or the employee's share of Social Security and/or
4    FICA taxes (*i.e.*, standard payroll withholdings) will be deducted from each individual Class
5    Member's distribution/Settlement Amount.  Any corresponding monies owed by Defendant, as the
6    employer, to federal or state taxing authorities for the employer's share of any Social Security and/or
7    FICA taxes, will be the separate responsibility of DES and will not be paid from the Maximum
8    Settlement Payout or borne by Class Members.  No amounts shall be withheld from a Class
9    Member's allocation representing settlement proceeds attributable to penalties and interest.

10                              **6.    Disputed Claims**

11              In the event that any discrepancy or any dispute arises between a Class Member and
12   the Settlement Administrator regarding the total number of qualifying weeks worked by the Class
13   Member during the Claim Period, which cannot be resolved between them, such claim(s) shall not
14   be paid until it is reviewed by the Settlement Administrator.  The burden shall fall on the Class
15   Member to produce documents or other evidence affirmatively rebutting the information provided by
16   Defendant and the conclusions reached by the Settlement Administrator.  All such claims will be
17   reviewed and decided within thirty (30) days following the period for submission of a Claim Form.
18   The Settlement Administrator shall review all Dispute Letters and decide their validity, which
19   decision shall be final.  The Settlement Administrator may consult with Class Counsel and/or
20   Defense Counsel as part of the process of determining the validity of any discrepancy or dispute.

21                              **7.    Accounting And Final Report To The Court**

22              The Settlement Administrator shall provide the parties with weekly reports showing
23   the numbers of claims submitted, numbers of opt outs, number of workweeks claimed and other
24   claims-related data.  The Settlement Administrator shall provide Class Counsel with such relevant
25   data and a declaration as needed to enable Class Counsel to prepare for a Motion for Final Approval,
26   including approval of Attorneys' Fees and Costs.  However, the Settlement Administrator shall not
27   provide Class Counsel with the addresses or social security numbers of Class Members except as
28   otherwise called for in the Agreement or as necessary to effectuate the terms of the Agreement.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA  92101-3577
619.232.0441

1    Within ten (10) days after the last day to submit claim forms, or at such later date as
2    the Court may set, the Settlement Administrator shall provide to Defense Counsel and Class Counsel
3    a sworn declaration setting forth the following:

4    (a)    The names of all persons who were sent the Class Notices described in Section
5    III.C;

6    (b)    The names of all persons who opted out;

7    (c)    The names of all persons who filed valid and timely Claim Forms, and the
8    amount to be paid to each of them; and

9    (d)    The names of all persons who submitted Claim Forms that were contested and
10   the ruling as to each.

11   Within ten (10) days thereafter, Defense Counsel shall file a declaration with the
12   Court setting forth the names of the Class Members who opted out.

13   The Settlement Administrator shall provide a declaration to Class Counsel regarding
14   the claims process as required for Class Counsel to prepare and file a Motion for Final Approval.

15   **8.    Appeal From Judgment**

16   If an objecting Class Member files a notice of appeal of the judgment within the time
17   limit prescribed by law, no monies shall be paid to Class Members or Class Counsel until further
18   order of the court permits or requires such payment, or as otherwise set forth in this Agreement.

19   **9.    Payment**

20   The Settlement Administrator shall tender payment of appropriate monies to each
21   Class Member, if any, who is entitled to receive payment under the terms of the settlement within
22   thirty (30) days after the Effective Date. Monetary payments to Class Members will be made in the
23   form of a check.   The account from which the checks will be drawn will remain open for one
24   hundred twenty (120) days after the check are mailed.  Any outstanding checks will be void if not
25   cashed 120 days after it is mailed to the Class Member. Payment to the Settlement Administrator,
26   Class Counsel and Plaintiffs shall be made as set forth in Section II.E.2-4. Within thirty (30) days of
27   the end of the one hundred twenty (120) day "check void" period, all funds that have not been
28   distributed under this agreement shall be returned to Defendant.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619.232.0441

Firmwide:82776787.1 053586.1002          16.          Case No. 37-2007-00051019-CU-OE-NC

STIPULATION AND AGREEMENT TO SETTLE CLASS ACTION

F.      **Additional Settlement Information**

At Section III.E.5., *supra,* a settlement payment structure is stated that has two elements requiring explanation.  First, a double financial benefit is being provided for each qualifying workweek between the period December 11, 2003 and May 7, 2004 because for the later period of May 7, 2004 through May 7, 2006 Class Members have already received financial payments from Defendant pursuant to its agreements with the United States Department of Labor covering purported overtime violations during that specific two year period of time.  The parties hereto represent that Class members employed as Pumper Drivers during that two year period of time have been paid all sums required due under the DOL arguments, except for those amounts due to unlocatable employees which have been paid to the DOL.  The aggregate amount of payments made by Defendant under the DOL agreement is approximately Three Hundred Fifty Thousand ($350,000.00).

Second, the calculations herein begin on December 11, 2003 in response to a prior lawsuit, Juan Mendoza, et al. v. Diamond Environmental Services, Inc., United States District Court Case No. 07-CV-0056-BTM-POR, which was initially commenced on December 11, 2006.  That action was never certified as a class action and remained pending in United States District Court until settled by the parties.  Attached hereto as Exhibit "A" is a true and correct copy of the stipulation and order regarding settlement agreement concluding that litigation.  Because of the earlier filing date of that purported representative action, the parties have agreed to begin the class period continued in this settlement on a date three years prior to that earlier filed action.

G.      **Public Statements**

Plaintiffs, Defendant, Class Counsel, and Defense Counsel shall issue no public statements or press releases with respect to the Litigation or the Settlement, except as required by law or reasonably necessary to Defendant's legitimate business interests and operations.  Except as set forth herein, in the event of an inquiry by the press concerning the Litigation or the Settlement, including this Agreement, the only statement that Plaintiffs, Defendant, Class Counsel, and Defense Counsel may make, if any, is:  "The parties have amicably resolved any differences concerning Plaintiffs' lawsuit against Diamond Environmental Services, Inc."  Nothing may be said, written, or reported to the press unless explicitly agreed in writing, signed by Plaintiffs, Defendant, Class

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA  92101-3577
619 232 0441

Firmwide:82776787.1 053586.1002          17.          Case No.  37-2007-00051019-CU-OE-NC

STIPULATION AND AGREEMENT TO SETTLE CLASS ACTION

1  Counsel, and Defense Counsel, or as otherwise permitted by this Section.  Class Counsel may not

2  state or reference on their respective websites or other promotional literature any reference to

3  Defendant or to any sum paid in settlement of this matter, and shall not provide any details of the

4  settlement.   This provision shall not restrict Class Counsel from referencing this settlement in

5  general terms in any declarations or motions in other cases handled by said counsel for purposes of

6  showing or attempting to show Class Counsel's adequacy to represent a class in some other case.

7        **H.**    **Judgment, Dismissal, And Injunction Against Future Actions**

8        Upon Final Approval of the Settlement, a Judgment and Dismissal With Prejudice on

9  Approval of Settlement Agreement in the form attached hereto as Exhibit D (the "Judgment and

10  Dismissal") shall be entered in the Litigation.  Within three (3) days after receipt of the Judgment

11  and Dismissal by Class Counsel, Class Counsel shall furnish a copy of the Judgment and Dismissal

12  to the Settlement Administrator and Defense Counsel.  Other than those who timely opt out, as

13  described above, all Class Members, including Plaintiffs, shall be enjoined from pursuing and/or

14  seeking to reopen claims of any type based upon the conduct alleged in the Complaint, in the

15  Litigation and/or covered by the releases in Sections V.B. and V.C.

16        **I.**    **Summary Timetable of Settlement Process**

17        The following proposed summary timetable is intended to summarize and be

18  consistent with the corresponding dates and deadlines set forth elsewhere in this Agreement.  To the

19  extent there are differences, this summary timetable shall not control.

20

| Event | Timing |
|---|---|
| Defendant provides list of Class Members to Settlement Administrator. Defendant certifies it has provided list. *Stip Section III.C.1* | 15 days after Preliminary Approval. |
| Claims Administrator Mails Class Notice and Claim Form to Class Members. *Stip Section III.C.2* | 20 days after receipt by Settlement Administrator of Class Member Information. |
| Deadline to file claims, opt out, and object when Notice packet is not returned by Post Office. *Stip Section III.C.4.a-c* | 45 days after mailing of Class Notice by Settlement Administrator. |

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619.232.0441

Firmwide:82776787.1 053586.1002       18.      Case No.  37-2007-00051019-CU-OE-NC

STIPULATION AND AGREEMENT TO SETTLE CLASS ACTION

| Event | Timing |
|-------|--------|
| Claims Administrator provides to Counsel declaration of Mailing Class Notice and Claim Form. *Stip Section III.C.3* | 50 days after receipt by Settlement Administrator of Class Member Information. |
| Class Counsel files Claims Administrator declaration. *Stip. Section III.C.3* | 5 days after receipt by Class Counsel of Claims Administrator's declaration |
| Final Approval Hearing. *Stip Section III.D.* | Approximately 90 days after mailing of Class Notice by Settlement Administrator. |
| Settlement Administrator or Defendant mails checks to Claimants, Attorneys and Plaintiffs. *Stip Section III.E.3-5* | 30 days after Effective Date. |
| Settlement Administrator provides to Counsel declaration of accounting. *Stip Section III.E.7.* | 10 days after last day to submit claims. |
| Defense Counsel files declaration of opt-outs. *Stip Section III.E.* | 10 days after receipt by Defense Counsel of Settlement Administrator's declaration. |

## IV.   LIMITATIONS ON USE OF THE SETTLEMENT

### A.   No Admission Of Fault

Neither the acceptance by any Defendant of the terms of this Agreement nor any of the related negotiations or proceedings is or shall be construed as or deemed to be evidence of an admission by any Defendant of the representative character of the Litigation, the validity of any of the claims that were or could have been asserted by any of the Class Members in the Litigation, or the liability of any Defendant in the Litigation. Defendant denies all liability for claims asserted in the Complaint. Defendant does not concede that any wages that are the subject of this Settlement are due. It is Defendant's position that it took reasonable steps to ensure that all meal and rest periods were taken, and that at all times the Class Members were properly compensated. Defendant does not concede any wage, penalty or other sum is owing to any Class Members.

### 1.   No Collateral Attack

This Agreement shall not be subject to collateral attack by any Class Member or any recipient of the Class Notice after the Judgment and Dismissal is entered. Such prohibited collateral

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619 232 0441

Firmwide:82776787.1 053586.1002          19.          Case No. 37-2007-00051019-CU-OE-NC

STIPULATION AND AGREEMENT TO SETTLE CLASS ACTION

attacks shall include claims that a Class Member failed to timely receive Class Notice or any other reason.

### B.   Nullification Of The Agreement

#### 1.   Due To Court Disapproval

If (1) the Court should for any reason fail to approve this Settlement in the form agreed to by the Parties, (2) the Court should for any reason fail to enter the Judgment and Dismissal, or (3) the Judgment and Dismissal is reversed or rendered void by any Court of competent jurisdiction, then:  (A) this Settlement shall be considered null and void, (B) neither this Settlement nor any of the related negotiations or proceedings nor any other existing document which purports to memorialize any settlement by and between the parties shall be of any force or effect, and (C) all Parties to this Settlement shall stand in the same position, without prejudice, as if the Settlement had been neither entered into nor filed with the Court (with the exception of any legitimate expenses incurred by the Settlement Administrator prior to that time).  Invalidation of any material portion of this Settlement shall invalidate this Settlement in its entirety unless the Parties agree in writing that the remaining provisions shall remain in full force and effect.

#### 2.   Due To Court Modification

If the Court enters any material condition to the Settlement that differs from this Agreement (except for any reduction in fees or costs awarded to Class Counsel or Plaintiffs) and has not been agreed to by Plaintiffs and Defendant as a result of the Final Fairness and Approval Hearing or otherwise, Plaintiffs and/or Defendant shall have the option to rescind the Settlement Agreement and resume the Litigation if either disagrees with any such condition.

#### 3.   Due To Opt Outs

If ten percent (10%) or more of Class Members timely opt out from the Litigation and/or if ten percent (10%) or more of the total value of claims and/or workweeks are subject to timely opt out from the Litigation, Defendant shall have the option of withdrawing from the Settlement and, if Defendant withdraws, the Settlement Agreement shall be null and void.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619.232.0441

Firmwide:82776787.1 053586.1002          20.          Case No.  37-2007-00051019-CU-OE-NC

STIPULATION AND AGREEMENT TO SETTLE CLASS ACTION

**4.     Due To Appeal**

In the event of a timely appeal from the Judgment and Dismissal, the Judgment shall be stayed and neither the Settlement Amount nor any other payment shall be distributed pending the completion or dismissal of the appeal.

**5.     Effect Of Nullification**

If this Settlement Agreement becomes null and void for any reason, the Parties' agreement to conditionally certify the Class, as set forth in Section III.B., shall be vacated immediately.

**V.     MISCELLANEOUS**

**A.     Amendments**

The terms and provisions of this Agreement may be amended only by a written agreement which is both (1) signed by the Parties who have executed this Agreement and (2) approved by the Court.

**B.     Class Member Release**

Upon the entry of Judgment in the Litigation, each and every Class Member shall be bound by this Agreement and shall have exclusive recourse to the benefits, rights, and remedies provided hereunder, with the exception of individuals who have opted out of the Class.  Class Members (other than those who have opted out of the Class) hereby fully and finally release and discharge Defendant, its parent, subsidiary, and affiliated corporations and entities, and each of its/their respective officers, directors, agents, employees, partners, attorneys, insurers, and shareholders, and all of their respective predecessors, successors, and assigns (collectively referred to as the "Released Parties"), from any and all claims, charges, complaints, liens, demands, causes of action, obligations, damages and liabilities, known or unknown, suspected or unsuspected, that each Class Member had, now has, or may hereafter claim to have against the Released Parties arising out of, or relating in any way to, any and all wage-and-hour-related claims arising during the Claim Period that were asserted in the Litigation, or relating in any way to any and all claims that could have been asserted in the Litigation based on the facts and circumstances alleged in the operative Complaint in the Litigation, regardless of whether such wage-and-hour-related claims arise under

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619 232 0441

Firmwide:82776787.1 053586.1002                    21.               Case No.  37-2007-00051019-CU-OE-NC

STIPULATION AND AGREEMENT TO SETTLE CLASS ACTION

1   federal, state and/or local law, statute, ordinance, regulation, common law (including, but not limited

2   to, the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. (the "FLSA"), the Portal to Portal Act, 29

3   U.S.C. § 251, et seq., ("the Portal to Portal Act"), the Employee Retirement Income Security Act of

4   1974, 29 U.S.C. § 1001 *et seq.;* ("ERISA"), the Private Attorneys General Act of 2004, California

5   Labor Code section 2699, (the "PAGA") or other provisions of the  California Labor Code, the

6   applicable Wage Orders of the Industrial Welfare Commission, and/or the California Business and

7   Professions Code), or other source of law, and inclusive of any and all claims for damages, wages,

8   overtime pay, premium pay, waiting-time penalties, all other statutory penalties and damages,

9   including liquidated damages, all claims for improper deductions from wages under California Labor

10  Code section 221, all claims for missed meal periods and rest breaks under California Labor Code

11  sections 226.7 and 512 and the applicable Wage Order, all claims for improper wage statements

12  under California Labor Code section 226(e) unfair business practices and unfair competition and/or

13  restitution, disgorgement of profits and all other forms of relief, including equitable relief, available

14  under the California Labor Code, the California Business and Professions Code section 17200 *et*

15  *seq.*, and the FLSA, and all other alleged wage-and-hour-related violations, attorneys' fees and costs,

16  or injunctive and declaratory relief, whether sounding in contract or tort and whether pursuant to a

17  statutory remedy; and any and all other claims or allegations raised in the Litigation, or based on any

18  of the facts, transactions, events, occurrences, acts, disclosures, statements, omissions or failures to

19  act that relate to or arise out of, in any way, the claims made and facts alleged in the Litigation (the

20  "Released Claims").  The Released Claims include, but are not limited to, claims arising from or

21  dependent on alleged violations of the California Labor Code; the Wage Orders of the California

22  Industrial Welfare Commission; California Business and Professions Code section 17200 *et seq.;* the

23  California common law of contract and tort; the FLSA; ERISA; and the Portal to Portal Act.  In this

24  regard, the Settling Parties agree that there is a *bona fide* dispute regarding all claims asserted in the

25  Litigation, including Class Members' claims for unpaid wages, overtime and penalties, and thus such

26  disputed wage claims are the proper subject of this Release.

27          Class Members also acknowledge that they are not "aggrieved employees" for the

28  purposes of the PAGA, and that Defendant is not liable for any penalties pursuant to the PAGA.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA  92101-3577
619 232 0441

Firmwide:82776787.1 053586.1002          22.          Case No. 37-2007-00051019-CU-OE-NC

STIPULATION AND AGREEMENT TO SETTLE CLASS ACTION

1   Class Members further acknowledge that none of the amounts paid under this

2   Agreement constitute compensation under any "Employee Benefit Plan" as defined by section 3(3)

3   of ERISA; and waive any and all claims for additional contributions to and/or benefits under any

4   Employee Benefit Plan maintained or sponsored by Defendant based on any amount paid under this

5   Agreement; and releases any claim for employee benefits, including any claim arising under ERISA

6   arising out of, or related to, the amounts paid under this Agreement.

7   For purposes of this Section V.B., Plaintiffs shall be considered Class Members and

8   expressly bind themselves to the Class Member Release in addition to the global release set forth

9   below in Section V.C.

10   **C.   Plaintiffs' Release And Promise Of No Future Employment**

11   In exchange for receiving the incentive payment and other consideration, Plaintiffs

12   hereby fully and finally release and discharge the Released Parties (defined in Section B, above)

13   from any and all of the Released Claims (defined in Section B, above) and from any and all other

14   claims, charges, complaints, liens, demands, causes of action, obligations, damages and liabilities,

15   known or unknown, suspected or unsuspected, that the Plaintiffs had, now have, or may hereafter

16   claim to have against the Released Parties, specifically, but not exclusively, all claims arising out of,

17   or relating in any way to, Plaintiffs' hiring by, employment with, separation of employment with, or

18   otherwise relating to, the Released Parties arising or accruing from the beginning of time up through

19   the date of Preliminary Approval ("Plaintiffs' Released Claims").   Plaintiffs' Released Claims

20   include, but are not limited to, claims arising from or dependent on the California Labor Code,

21   including but not limited to the Private Attorneys General Act of 2004, California Labor Code

22   section 2699, (the "PAGA"); the Wage Orders of the California Industrial Welfare Commission;

23   California Business and Professions Code section 17200 *et seq.;* the California Fair Employment and

24   Housing Act, Cal. Gov't Code § 12900 *et seq.;* the California common law of contract and tort; Title

25   VII of the Civil Rights Act of 1964; the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.;*

26   the FLSA; ERISA and the Portal to Portal Act.

27   Plaintiffs also acknowledge that they are not "aggrieved employees" for the purposes

28   of the PAGA, and that Guess is not liable for any penalties pursuant to the PAGA.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101 3577
619 232.0441

Firmwide:82776787.1 053586.1002          23.          Case No. 37-2007-00051019-CU-OE-NC

STIPULATION AND AGREEMENT TO SETTLE CLASS ACTION

1           Plaintiffs also acknowledge that none of the amounts paid under this Agreement

2   constitute compensation under any "Employee Benefit Plan" as defined by section 3(3) of the

3   ERISA; and waive any and all claims for additional contributions to and/or benefits under any

4   Employee Benefit Plan maintained or sponsored by Defendant based on any amount paid under this

5   Agreement; and releases any claim for employee benefits, including any claim arising under ERISA

6   arising out of, or related to, the amounts paid under this Agreement.

7           Plaintiffs promise never to apply for employment or reinstatement at Defendant.

8   Plaintiffs agree that Defendant is entitled to and may immediately reject without cause any

9   application by them for employment, reemployment, new benefits or reinstatement.

10       **D.**    **Waiver Of Civil Code Section 1542 By Plaintiffs**

11          Plaintiffs expressly agree that all rights under Section 1542 of the Civil Code of the

12   State of California are hereby waived as to all claims for Plaintiffs.  Section 1542 provides:

13          A general release does not extend to claims which the creditor does not
               know or suspect to exist in his or her favor at the time of executing the

14          release, which if known by him or her must have materially affected
               his or her settlement with the debtor.

15

16   Plaintiffs fully understand the language of Civil Code Section 1542, and with this understanding,

17   nevertheless elect to, and do, assume all risks for claims that have arisen, whether known or

18   unknown, from the subject of this Release, and specifically waive all rights that they may have under

19   Civil Code Section 1542 regarding the Litigation.  Plaintiffs fully understand that if the facts relating

20   in any manner to the release and dismissal or any claim released thereby are found hereafter to be

21   other than or different from the facts now believed to be true, they expressly accept and assume the

22   risk and agree that this Agreement and the releases set forth in Sections V.B. and V.C. shall remain

23   effective.

24       **E.**    **Assignment**

25          None of the rights, commitments, or obligations recognized under this Agreement

26   may be assigned by any Party or Class Member without the express written consent of each other

27   Party hereto.   The representations, warranties, covenants, and agreements contained in this

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619 232 0441

Firmwide:82776787.1 053586.1002        24.        Case No. 37-2007-00051019-CU-OE-NC

STIPULATION AND AGREEMENT TO SETTLE CLASS ACTION

Agreement are for the sole benefit of the Parties and the Class Members under this Agreement, and shall not be construed to confer any right or to avail any remedy to any other person.

**F.    Governing Law**

This Agreement shall be governed by, construed, and interpreted, and the rights of the Parties determined in accordance with the laws of the State of California, irrespective of the State of California's choice of law principles.  This Agreement shall be interpreted in accordance with the plain meaning of its terms and not strictly for or against any of the parties hereto.

**G.    Entire Agreement**

This Agreement, including the Exhibits referenced herein which form an integral part hereof, contains the entire understanding of the Parties hereto with respect of the subject matter contained herein.  In case of any conflict between text contained in Articles I through V of this Agreement and text contained in Exhibits to this Agreement, the former shall be controlling.  There are no restrictions, promises, representations, warranties, covenants, or undertakings governing the subject matter of this Agreement other than those expressly set forth or referred to herein.  This Agreement supersedes all prior agreements, including the Settlement Term Sheet and understandings among the Parties hereto with respect to the settlement of the Litigation.

**H.    Waiver Of Compliance**

Any failure of any Party hereto to comply with any obligation, covenant, agreement, or condition herein may be waived only expressly in writing, to the extent permitted under applicable law, by the Party or parties hereto entitled to the benefit of such obligation, covenant, agreement or condition.  A waiver or failure to insist upon strict compliance with any representation, warranty, covenant, agreement, or condition shall not operate as a waiver of, or estoppel with respect to, any subsequent or other failure.

**I.    Notice**

If not otherwise specified, all notices, requests, demands and communications required or permitted to be given pursuant to this Agreement shall be in writing, and shall be delivered personally or mailed, postage prepaid, by first class mail to Class Counsel and Defense Counsel.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92121-3577
619.232.0441

Firmwide:82776787.1 053586.1002              25.              Case No.  37-2007-00051019-CU-OE-NC

STIPULATION AND AGREEMENT TO SETTLE CLASS ACTION

**J.     Representation By Counsel**

The Parties acknowledge that they have been represented by counsel throughout all negotiations which preceded the execution of this Agreement and that this Agreement has been executed with the consent and advice of counsel.

**K.     Binding On Successors And Agents**

This Agreement shall be binding upon the Parties and upon their heirs, administrators, representatives, executors, successors, and assigns, and shall inure to the benefit of said parties and each of them and to their heirs, administrators, representatives, executors, successors, and assigns.

**L.     Continuing Jurisdiction**

The San Diego County Superior Court, North County Judicial District, shall have the sole and continuing jurisdiction to construe, interpret, and enforce the provisions of this Agreement, to supervise the administration and distribution of the Settlement Amount, and to hear and adjudicate any dispute or litigation arising from alleged breaches of this Agreement.

**M.     No Other Attorneys' Fees, Costs, And Expenses**

Except as otherwise provided herein, the parties shall bear responsibility for its/their own attorneys' fees, costs, and expenses, taxable or otherwise, incurred by them or arising out of this litigation and shall not seek reimbursement thereof from any party to this Agreement. Notwithstanding the foregoing, the Parties reserve the right to seek attorneys' fees for breaches of this Agreement in accordance with applicable California law.

**N.     Untimely Payment Provision**

If Defendant fails to pay any amounts due under this Settlement Agreement within the time provided, Class Counsel shall provide written notice to Defendant, Defendant's counsel and the court. Upon receipt of said notice, Defendant shall have five (5) business days to cure said failure. If Defendant does not cure the failure within the specified time, all such amounts due shall be subject to ten (10) percent annual interest beginning the date of Class Counsel's notice and continuing until paid in full. Should any legal action be brought to enforce this provision, the prevailing party shall be entitled to recover reasonable attorneys fees and actual costs.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619.232.0441

Firmwide:82776787.1 053586.1002     26.     Case No. 37-2007-00051019-CU-OE-NC

STIPULATION AND AGREEMENT TO SETTLE CLASS ACTION

**O.    No Solicitation of Settlement Objections or Exclusions.**

The Parties agree to use their best efforts to carry out the terms of this Agreement. None of the Parties or their counsel will: (1) seek, or solicit or otherwise encourage Class members to submit written objections to the Settlement or requests for exclusion from the Settlement Class; (2) support any objections to the fairness of the settlement or appeal from the Court's Final Judgment approving the Settlement; or (3) file any objections, criticism or otherwise seek to reduce or modify any of the terms of this Agreement.

**P.    Counterparts**

This Agreement, and any amendments hereto, may be executed in any number of counterparts and any Party hereto may execute any such counterpart, each of which when executed and delivered shall be deemed to be an original and all of which counterparts taken together shall constitute but one and the same instrument. It shall not be necessary in making proof of this Agreement or any counterpart hereof to produce or account for any of the other counterparts.

KEEGAN & BAKER, LLP

Dated: ___ 8 - 30 ___, 2007         By: _____
                                         JASON E. BAKER
                                         PETER KARVELIS
                                         BRENT JEX
                                         Attorneys for Plaintiffs and Class Members

Dated: 8 - 3 0 —, 2007              By: _____
                                         KEVIN HERNANDEZ
                                         Individually and on behalf of the Class

Dated: 08/30/07 , 2007              By: _____
                                         RAPHAEL CERVANTES
                                         Individually and on behalf of the Class

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619.232.0441

Firmwide:82776787.1 053586.1002               27.               Case No.  37-2007-00051019-CU-OE-NC

STIPULATION AND AGREEMENT TO SETTLE CLASS ACTION

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation

Dated: _____, 2007

By:_____
　　　JOHN S. ADLER
　　　Attorneys for Defendants DIAMOND
　　　ENVIRONMENTAL SERVICES, INC.
　　　and ERIC DE JONG

DIAMOND ENVIRONMENTAL
　SERVICES, INC.

Dated: _____, 2007

By:_____
　　　ERIC DE JONG
　　　President and Chief Operating Officer

Dated: _____, 2007

By:_____
　　　ERIC DE JONG
　　　Individually-named Defendant

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50° W. Broadway
Suite 900
San Diego, CA 92101 3577
619 232 0441

Firmwide:82776787.1 053586.1002          28.          Case No. 37-2007-00051019-CU-OE-NC

STIPULATION AND AGREEMENT TO SETTLE CLASS ACTION